(115 N. W. 76.)

---

FRED ZINN v. DISTRICT COURT FOR BARNES COUNTY AND EDWARD
T. BURKE, JUDGE.

Opinion filed Jan. 11, 1908.

**Prohibition — When Writ Allowed.**

1. The writ of prohibition is not a writ of right, but is available only when the inferior court, body or tribunal is about to act without any jurisdiction or in excess of jurisdiction.

**Same — Criminal Prosecution.**

2. The writ of prohibition is not available to arrest further proceedings by a trial court on an indictment found by a grand jury irregularly drawn, summoned, and impaneled, as district courts have jurisdiction to impanel grand juries, and if erroneous rulings are made on these questions no question of the jurisdiction of the subject-matter nor of the person is presented which can be reviewed through a writ of prohibition.

**Grand Jury — Summoning and Impaneling.**

> 3. Various objections to the validity of an indictment found by a grand jury considered, and *held* not to warrant the issuing of the writ of prohibition.

Application by Fred Zinn· for writ of prohibition to the District Court for Barnes county and Edward T. Burke, Judge.

Writ denied.

*L. A. Simpson, J. M. Hanley* and *A. T. Faber,* for plaintiff.

*R. N. Stevens,* Assistant Attorney General, and *B. W. Shaw;.* State's Attorney, for defendant Morton county.

MORGAN, C. J. This is an application for a peremptory writ of prohibition against the defendant Edward T. Burke, acting as judge of the district court of the Sixth judicial district on the request of the judge of said district. The facts on which the writ is prayed for are the following: The judge of the district court of the Sixth district ordered a grand jury to be summoned for the November term of the district court to be held in the county of Morton in said district, and requested the defendant who is the judge of the district court for the Fifth Judicial District to preside at said term, and said defendant did preside at said term. A grand jury was regularly summoned, impaneled and sworn, and proceeded with the performance of their duties, and considered the evidence produced by the state in the action entitled the State of North Dakota v. Fred Zinn, and failed to find an indictment against said Zinn, and reported that fact to the court and recommended a dismissal of that action. Upon the presentation to the court of such report, the district court made an order discharging said grand jury, and recited in the order discharging it that the evidence submitted to the grand jury "was sufficient on which to base an indictment," and said order further recited that "the court being satisfied that said failure to indict in said case was not based upon the evidence, but upon the determination of said grand jury not to enforce the provisions of said prohibition laws, and the court believing that the other cases above mentioned would not receive at the hands of said grand jury fair consideration upon the evidence, by reason of said grand jury's prejudice' against the prohibition law, and that it would serve no.

useful purpose to submit said other cases in relation to the violation of the prohibition law to said grand jury, and that the public good would be best subserved by a discharge of said grand jury from further duties at said term of court." The order further recited the necessity for calling another grand jury, and one was ordered to be called at once, and the case of the State v. Fred Zinn was ordered resubmitted to that grand jury. The second grand jury was thereupon drawn and summoned, and 19 of the persons drawn appeared in court. The judge excused two of them upon their request, based upon the fact that they were exempt from service. These two were excused just before the jurors were called together in open court for the purpose of being examined and sworn.

Upon the examination of the jurors by the court and the attorneys on behalf of persons who had been held to answer to the district court for offenses charged against them, two were excused as exempt on account of age, one by consent, and four were excused on challenges interposed and granted. This left ten persons present qualified to act as grand jurors. Thereupon the court ordered that the officers designated by law as a board to draw grand and petit jurors convene and draw the names of four persons to serve in the place of the four persons who were not served with the venire and did not appear. A further order was made at the same time commanding the summoning of nine other persons to serve as jurors in place of the nine persons who were excused on challenges. These were ordered summoned from the body of the county, and George Leonard was appointed as the officer to summon the nine jurors last mentioned. Said Leonard was a deputy sheriff, and was so named in the order. The grand jury was thereafter impaneled and sworn and proceeded upon the discharge of their duties, and found an indictment against said Fred Zinn, and also indictments against others for violation of the prohibition law of the state. Upon being arraigned under the indictment said Zinn moved to set aside the same for the following grounds: (1) That talesmen were summoned by the deputy sheriff and not by the sheriff. (2) That the panel was completed by the summoning of talesmen when it should have been done by ordering names drawn by the officers comprising the board to draw names of jurors. (3) That the discharge of the first jury and the calling of the second jury were unwarranted and illegal. (4) That

no notice was given to the attorneys of the drawing of the second jury as provided by section 522, Rev. Codes 1905. (5) That the assistant attorney general and other persons were present before the grand jury, not as witnesses, while witnesses were under examination. (6) That the names of all the witnesses examined before the grand jury in said case are not indorsed on the indictment. (7) That the court refused to hear evidence in support of challenges to jurors. (8) That challenges to jurors on account of bias in having formed fixed opinions as to the guilt of the parties under investigation were overruled. (9) That the officers comprising the board to draw names for jurors acted irregularly and threw out names of persons drawn without authority.

Under our view of the law applicable to the facts disclosed by the record, we have but one question to determine, and that question is, do the facts entitle the petitioner to a writ of prohibition? In other words, did the district court have jurisdiction to pass upon and decide the several questions presented to it? It is, of course, not disputed that the district court has jurisdiction to summon and impanel grand juries, and also has jurisdiction of the person of Zinn and of the offenses with which he was charged. Hence it irrefutably appears that the district court has complete jurisdiction to pass upon the legality of all acts of the grand jury and in reference to the summoning and proceedings thereof. There is no merit in the contention that the second jury was an illegal one, which is based on the contention that the first jury was unlawfully discharged. A grand jury is one of the instruments or agencies through which the court acts in the enforcement of the laws. It is called by the court, and is always subject to be excused from further attendance on duty. We have nothing to do with the necessity under which the court deemed it proper to discharge the first jury. The record discloses that the court was convinced that the jury was not acting with a conscientious desire to be guided by the evidence submitted to them, showing a violation of the prohibition law. If such was the case it would be farcical to allow them to continue and further disregard the law and violate their oaths. But we have nothing to do with the policy or wisdom or necessity of the court's action in this regard. We are concerned only with the question as to whether the court had jurisdiction, and it needs no citation of authority to sustain the court's action in this case so far as jurisdiction is concerned.

Whether the court erred in appointing the deputy sheriff to summon the grand jurors in place of those excused is also a question not affecting the jurisdiction of the court over the persons and the subject- matter concerning which it acted. Ten persons were left on the panel of the grand jury and the court must complete the panel or it could not proceed. The deputy sheriff was an officer of the court and could legally summon the jurors as such without authority from the court, by virtue of holding that office under the sheriff. He summoned the jurors as deputy sheriff and made his return of service in the name of the sheriff. Whether this was strictly in accordance with the statute, we do not determine in this proceeding. If it was erroneous, it was not such error as to deprive the court of further jurisdiction in the cases. The same may be said of every one of the grounds urged by the petitioner for setting aside the indictment. Nothing will be gained by disposing of them separately. They may all be grouped or considered separately, and the same conclusion is forced upon us that they do not affect the jurisdiction of the court even if conceded to be shown to exist by the record. Without further mention of the grounds urged upon the trial court for quashing the indictment, we will consider whether these objections, if admitted to be well founded, warrant the issuing of a writ of prohibition by this court, and thus stop all future proceedings by the court in this case and others submitted on the same application. We are agreed that a proper case for that writ has not been made out. It is elementary that prohibition lies only when there is no jurisdiction in the inferior court or body, or when the inferior court or body is about to act in excess of jurisdiction. The conditions under which this writ is allowed are stated in our statute as follows:

"Sec. 7835. The writ of prohibition is the counterpart of the writ of mandamus. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person.

"Sec. 7836. It may be issued by the supreme and district courts to an inferior tribunal, or to a corporation, board or person in all cases when there is not a plain, speedy and adequate remedy in the ordinary course of law. It is issued upon affidavit on the application of the person beneficially interested."

Spelling on Extr. Relief, § 1716, says: "But the writ of prohibition lies only when the inferior court proposes to exceed its lawful jurisdiction as to the person or subject-matter, or in the enforcement of its rulings in a manner or by a means not intrusted to its judgment or discretion." High on Extr. Relief, § 765, says: "Nor is it a writ of right granted ex debito justitia, but rather one of sound judicial discretion, to be granted or withheld according to the circumstances of each particular case. And being a prerogative writ, it is to be used, like all other prerogative writs, with great caution and forbearance for the furtherance of justice, and to secure order and regularity in judicial proceedings, when none of the ordinary remedies provided by law is applicable. Nor should it be granted except in a clear case of want of jurisdiction in the court whose action it is sought to prohibit." In A. & E. Enc. Law (2d Ed.) p. 200, it is stated: "Where the inferior court has jurisdiction of the matter in controversy, prohibition will not lie. The writ does not lie to prevent a subordinate court from deciding erroneously, or from enforcing an erroneous judgment in a case in which it has a right to adjudicate, and it matters not whether the court below has decided correctly or erroneously; its jurisdiction of the matter in controversy being conceded, prohibition will not lie to prevent an erroneous exercise of that jurisdiction. The exercise of power which it is sought to prohibit must be wholly unauthorized by law. Mere errors or irregularities in the proceedings which do not go to the jurisdiction will not be considered upon an application for a writ of prohibition. The sole question is as to the jurisdiction of the inferior court to take the proposed action, and the merits of the action will not be considered." These several principles are abundantly sustained by decisions of courts and are so numerous as to make citation of them impracticable. They can be found in the books quoted from. In State v. Fisk, 15 N. D. 219, 107 N. W. 191, the same doctrine was enunciated so far as that the writ is available only when the inferior court or body is about to act without or in excess of jurisdiction, and that the use of the writ should be exercised cautiously. The contention that the district court exceeded its jurisdiction in not setting aside the indictments by reason of matters occurring before the grand jury cannot be upheld. These objections did not pertain to jurisdiction at all, but if wrongly decided were erroneous decisions only. It is true that some of the objections to the indictments have been sustained by appellate courts.

But in the cases where the objections were sustained the objections were raised on direct attack by appeal, and not by resort to collateral attack through the writ of prohibition.

Cases are numerously cited by the petitioner where appellate courts have decided some of the questions raised by him in this case in favor of his contention. But these cases have no relevancy in the case at bar, as the only question involved is one of jurisdiction, and whether these objections would be held good on an appeal is not before us. The only case cited closely in point is that of Bruner v. Superior Court, 92 Cal. 239, 28 Pac. 341. In that case an elisor was ordered by the court to summon persons to complete a grand jury panel without any showing that the sheriff was disqualified. The court held that service by the elisor was without authority, and a majority of the court held that the lower court had no jurisdiction to proceed on the trial of an indictment found by the jury, and that prohibition was an available remedy. This case is not strictly parallel with that case on the facts. In this case, as before stated, the officer appointed had authority to summon these jurors by virtue of being deputy sheriff, and the acts of the deputy were the acts of the sheriff. In any event, whether the service was technically regular or not, we are satisfied the the irregularity did not effect the court's jurisdiction to proceed in the case. To permit a resort to this writ on such objections would seriously impair and delay the enforcement of the laws through means not within the purview and purposes of the writ—to keep inferior tribunals within their lawful jurisdiction.

In a case in the supreme court of Colorado presenting similar questions as in the case at bar as to drawing and impaneling a grand jury, the court said: "If a court has the power to determine such matter, then error in disposing of it results in nothing more than an erroneous judgment based upon an erroneous view of the law. The district court is by law vested with authority to impanel a grand jury. In performing this function it may commit error by failing to observe the statutory or common-law provisions relative to impaneling grand juries, but having by law the authority to impanel grand juries, errors in procedure, however flagrant, do not cause the court to lose jurisdiction, even if such errors should be so gross and irregular as to require that an indictment should be quashed." People v. District Court, 29 Col. 83, 66 Pac. 1068.

The conclusion and reasoning of the Colorado court is in harmony with our views as to the circumstances under which a writ of prohibition should be granted. It follows that the petition for the writ must be denied. All concur.