THE STATE OF FLORIDA *ex rel.* RAILROAD COMMISSION- ERS *Relator,* v. LOUISVILLE AND NASHVILLE RAIL- ROAD COMPANY, *Respondent.*

### RAILROAD COMMISSION—POWERS OF.

1. The Railroad Commissioners are statutory officers whose pow- ers are special and limited. They can exercise only such au- thority as is legally conferred by express provisions of law, or such as is by fair implication and intendment incident to and included in the authority expressly conferred for the purpose

of carrying out and accomplishing the purposes for which the offices were established. Any reasonable doubt of the existence in said commissioners of any particular power should be resolved against their exercise of such power.

2. There is no authority of law for the adoption or enforcement by the Florida Railroad Commission of a rule requiring railroads to report to such commission by telegram, followed by a written report, of all wrecks and their causes and of the names and addresses of the persons killed or injured in such wrecks.

This case was decided by the court En Banc.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*L. C. Massey,* for Relator;

*Blount & Blount & Carter,* for Respondent.

TAYLOR, J.—On January 28th, 1908, the Railroad Commissioners of this State adopted and prescribed the following as Rule No. 12 of its General Rules:

"12. Every railroad company shall report to the Railroad Commissioners immediately by telegram any wreck, either of passenger or of freight train, that may occur on its line in this State, giving as nearly as possible the cause of the wreck, the extent of the damage to the equipment and the track, and the number of persons killed or wounded; and such telegram shall be followed with a full written statement, made within five days thereafter, giving full details of the above matters, and the names and addresses of the persons killed or wounded, whether employees or others. This rule shall

not apply to simple derailments of freight cars or yard engines, when switching or shifting in yards, except when some person is killed or injured, in which case, a report shall be made as in other cases."

For an alleged refusal of the respondent railroad company to comply with this rule, the State Railroad Commissioners by this proceeding in mandamus are seeking to enforce compliance therewith.

The respondent moves to quash the alternative writ, among others, on the two following grounds:

1.    Because Rule 12 of the Florida Railroad Commission set forth therein and sought to be enforced thereby is invalid, because the relators were without power to adopt it.

2.    The power to adopt it is a legislative power which can not lawfully be delegated to relators.

To maintain the authority of the commission to prescribe this rule we are cited to the case of Stone v. Yazoo & M. V. R. Co., 62 Miss. 607. Upon investigation we find that such a rule was there upheld because the Railroad Commission was there duly authorized to adopt it by an express provision of the Mississippi statute.

In the case of State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 South. Rep. 969, it is said that: "The Railroad Commissioners are statutory officers whose powers are special and limited. They can exercise only such authority as is legally conferred by express provisions of law, or such as is by fair implication and intendment incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the purposes for which the officers were established." It was further said in substance in that case that any reasonable doubt of the existence in said commissioners of any particular power should be resolved against their exercise of such power.

We have carefully examined all of our statutes appertaining to the Railroad Commission and we fail to discover in them anywhere any express power to prescribe such a rule, nor do we find any power delegated to them which by any fair or reasonable implication or intendment could be reasonably held to include as an incident the power to adopt or prescribe such a rule. Our conclusion being that our Railroad Commission have no authority to prescribe the rule in question, it follows that the motion of the respondent to quash the alternative writ of mandamus must be, and is hereby, granted and the cause dismissed at the cost of the State.

All concur, except PARKHILL, J., absent on acount of illness.