THE STATE OF FLORIDA, *ex rel.,* RAILROAD COMMISSIONERS, *Plaintiffs in Error,* v. THE SOUTHERN TELEPHONE & CONSTRUCTION COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed March 5, 1913.

1. A telephone company engaged in affording telephone facilities to the public in the community in which it operates thereby performs services of a public nature within the meaning of the constitution ; and as such its service is subject to lawful governmental regulation by administrative officers as the legislature may provide, no question of inter-state commerce being involved.

2. The Railroad Commissioners of Florida are statutory officers whose powers, authority and duties are those and only those that are conferred expressly or impliedly by the statutes of the State.

3.  Only the valid orders of the Railroad Commissioners will be enforced by the courts; and orders not authorized by law are not valid or enforceable.

±.  The statutes contemplate that in regulating service of a public nature, the railroad commissioners shall make administrative rules or orders upon subjects affecting the public and not orders for individual relief, except for a violation of a rule or regulation previously made by the railroad commission covering the subject as it affects the public.

5.  Whatever may be the limits of the judicial power that, under the constitution as amended in 1897, may be conferred upon or exercised by the Railroad Commissioners, the statutes do not now authorize them to render judicial judgments or decrees, or to make orders in favor of individuals except to remedy a violation of prescribed regulations, in which latter case the order is administrative, and by statute is made merely *prima facie* reasonable and just, and is subject to judicial review.

Writ of error to the Circuit Court for Leon County.

Judgment affirmed.

### STATEMENT.

The following alternative writ of mandamus was issued by the Circuit Court:

"The State of Florida
        To
    The Southern Telephone & Construction Company,
        Greeting:

Whereas by a petition filed by the Railroad Commissioners of the State of Florida in the Circuit Court of the said State for Leon County it has been made to appear that

1. The said Southern Telephone & Construction Company is a corporation duly organized and incorporated under the laws of the State of Florida and doing business in the said State and having its principal place of business in the County of Leon, and,

2. The said corporation is engaged in operating and conducting a telephone business in the City of Tallahassee in said County, and owns and operates a local telephone exchange in the said City and County and holds itself out to the public as the owner and operator of said telephone system and exchange and as a part of its said business the said company supplies telephone instruments to the houses and places of business of its subscribers and maintains connection between the said telephone instruments and the central office of the said company and supplies to its subscribers such service as is ordinarily supplied by local telephone companies to their subscribers through the medium of their telephone exchanges and the said company holds itself out as ready to do and perform any and all the business usually performed by local telephone companies;

3. On to-wit, the 27th day of November, 1911, one Arthur Chaires filed with the Railroad Commissioners of the State of Florida a complaint wherein he charged that the said Southern Telephone & Construction Company had wrongfully discontinued his telephone service and disconnected his telephone instrument and refused to furnish him telephone service because of his refusal to pay a certain bill for three dollars which said company had rendered against him for removal charges which bill the said Chaires alleged to be unjust and discriminatory, and praying an order of the said Commissioners requiring the said company to install a telephone in his residence

and to furnish him with good and sufficient telephone service without discriminating against him;

4.   And thereafter said Commissioners having undertaken to secure an adjustment of the differences between said parties and having failed in such undertaking, gave due notice to all parties that a hearing upon the said complaint would be had on the 20th day of December, 1911, and on the said date such hearing was had and at said hearing the said Southern Telephone & Construction Company appeared by W. L. Moore, its President, and John L. Neeley, its Attorney, and the said Arthur Chaires appeared in person and by his attorney, George B. Perkins, and all parties were fully heard;

5.   And thereafter upon consideration of the said matter the said Railroad Commissioners did on the 23rd day of December, 1911, make and enter their certain order No. 352 in words and figures following, to-wit:

'Order No. 352.
File No. 3190.
Before the Railroad Commissioners of the State of Florida.   In the matter of the complaint of Arthur Chaires against the Southern Telephone & Construction Company.

After due and lawful notice to all parties concerned, this matter came on for consideration at the office of the Commissioners in the City of Tallahassee, on the 20th day of December, 1911, the complainant Arthur Chaires, appearing in person and by his attorney, George B. Perkins, and the Southern Telephone & Construction Company appearing by W. L. Moore, President, and John L. Neeley, Attorney, and all parties were fully heard, whereupon the matter was taken under advisement.

Now therefore the said Railroad Commissioners of Florida, being fully advised in the premises, are of the

opinion that the differences between the parties to this proceeding as to obligations heretofore incurred ought under the circumstances of this case to be settled by the courts and not by the Commissioners, and the said Commissioners do order that the said Southern Telephone & Construction Company install a telephone in the residence of said Arthur Chaires upon the same terms and conditions as are granted to other subscribers without reference to said past differences and that the said company desist from all attempts to require the settlement of any disputed account alleged to be due from said Chaires to said company, as a condition to the installation of said telephone.

It is further ordered that this order be complied with on or before January 1, 1912.

Done and ordered by the Board in open session at our office in the City of Tallahassee, this 23rd day of December, A. D. 1911.

R. Hudson Burr, Chairman.'

6. The said Southern Telephone & Construction Company has disregarded and refused to obey said order in that it has refused to install a telephone in the residence of the said Arthur Chaires upon the terms and conditions set out in said order and has wholly failed to obey the said order;

Now therefore, we being willing that full and speedy justice be done in the premises do command you, the Southern Telephone & Construction Company forthwith to install a telephone in the residence of the said Arthur Chaires upon the same terms and conditions as are granted to your other subscribers without reference to past differences and that you desist from all attempts to require the settlement of any disputed account alleged to be due from said Chaires to you as a condition for the

installation of said telephone, and in all things to fully comply with the terms of the aforesaid order of the Railroad Commissioners.

, Or that you appear before me at Tallahassee on the 20th day of May, A. D. 1912, at 10 o'clock in the morning of that day and show cause why you refuse to obey the commands of this writ and have you then and there this writ.

Witness the Honorable John W. Malone, Judge of the Circuit Court of the State of Florida for the Second Judicial Circuit, and the seal of the said court at the Court House in the said County this 15th day of May, 1912.

(Seal)                    Henry T. Felkel,
Clerk of the Circuit Court for Leon County."

A motion to quash the alternative writ was made on the following grounds:

"The said writ does not show any authority vested by law in the said relators to make the order which the said writ seeks to enforce.

2. The said relators have undertaken in and by their order mentioned in said writ to perform a legislative function in violation of the Constitution of the State.

3. The said relators in and by their said order referred to in the said writ have undertaken to perform a judicial function in violation of the Constitution of the State.

4. The said writ does not disclose that the said relators had established any rule or regulation prior to the making of the order referred to in said writ upon which such order was lawfully predicated.

5. The said writ does not disclose any duty devolved by law upon the respondent which the said relators by

their said order could require the respondent to perform."

The alternative writ was quashed and a writ of error to a final judgment for the respondent was taken by the relators.

Chapter 6186, Acts of 1911, is as follows:

"AN ACT to Extend and Enlarge the Powers of the Railroad Commissioners of the State of Florida so as to Give Them Exclusive Power and Authority Within the State of Florida to Regulate the Services and the Charges of All Persons, Firms or Corporations Carrying on a Telephone Business Within the State of Florida, and for Other Purposes.

*Be It Enacted by the Legislature of the State of Florida:*

Section 1. That from and after the passage of this Act the powers of the Railroad Commissioners of the State of Florida shall be and the same are hereby enlarged and extended so as to confer upon said Railroad Commissioners exclusive power and authority within this State, and it shall be their duty to regulate the rates and charges and services within this State of all persons, firms or corporations engaged in or carrying on a telephone business within this State, so far as said rate and charges apply to the business of said such persons, firms or corporations within this State; Provided. however, That such rates and charges must and shall be in each and every case just, fair and reasonable.

Sec. 2. That all the terms and provisions of the laws of this State as embraced in Chapter 5, Title 4, Fourth Division of the General Statutes and all Acts supplementary thereto or amendatory thereof are hereby de-

clared to be of force with reference to all persons, firms, or corporations carrying on a telephone business within this State so far as said laws are applicable to such persons, firms or corporations carrying on telephone business within this State.

Sec. 3. That all laws and parts of laws which in any way may conflict with the terms and provisions of this Act, be, and the same are hereby repealed.

Sec. 4. This Act shall take effect upon passage and approval by the Governor.

Approved May 26, 1911."

By virtue of Section 35 of Article V of the Constitution as amended in 1897, "the legislature may clothe the Railroad Commissioners with judicial powers in all matters connected with the functions of their office." Section 2922, Chapter 5 of the General Statutes provides that the "Railroad Commissioners are hereby vested with judicial powers to do or enforce or perform any function, duty or power conferred upon them by this Chapter to the exercise of which judicial power is necessary."

*F. M. Hudson* and *T. S. Trantham,* for Plaintiff in Error;

*F. T. Myers* and *J. L. Neeley,* for Defendant in Error.

WHITFIELD, J., (*after stating the facts.*)—This proceeding is not brought by an individual to enforce a duty to him due by a public service corporation as in State v. Nebraska Telephone Co., 17 Neb. 126, 22 N. W. Rep. 237, but it is brought by the Railroad Commissioners whose authority depends upon legislative enactment. A motion to dismiss this writ of error was denied. State ex rel. v. So. T. & Co., decided this term.

The Constitution provides that " the legislature is in-

vested with full power to pass laws for the correction of abuses and to prevent unjust discrimination and excessive charges by persons and corporations ................. performing ................. services of a public nature." Sec. 30 Art. XVI.

A telephone company engaged in affording telephone facilities to the public in the community in which it operates thereby performs services of a public nature within the meaning of the Constitution; and as such its service is subject to lawful governmental regulation by administrative officers as the legislature may provide, no question of inter-state commerce being involved. The regulation in this case was ordered by the Railroad Commission.

The Railroad Commissioners of Florida are statutory officers whose powers, authority and duties are those and only those that are conferred expressly or impliedly by the statutes of the State. State *ex rel* Ellis v. Atlantic Coast Line R. Co., 51 Fla. 578,, 40 South. Rep. 875; State *ex rel.* v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 South. Rep. 969; State *ex rel.* Railroad Com'rs v. Atlantic Coast Line R. Co., 60 Fla. 465, 54 South. Rep. 394.

Only the valid orders of the Railroad Commissioners will be enforced by the courts; and orders not authorized by law are not valid or enforceable. State *ex rel.* Railroad Com'rs v. Louisville & N. R. Co., 57 Fla. 526, 49 South. Rep. 39; State *ex rel.* Railroad Com'rs v. Florida East Coast R. Co., 58 Fla. 524, 50 So. Rep. 425; State ex rel R. R. Com'rs v. Florida East Coast Ry. Co., 64 Fla. 112, 59 South. Rep. 385; State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 51 Fla. 578, 40 South. Rep. 875; Interstate Commerce Commission v. Union Pacific R. R. Co., 222 U. S. 541, — Sup. Ct. Rep. —; Interstate Commerce

Commission v. Louisville & N. R. Co., — U. S. —, 33 Sup. Ct. Rep. 185.

Chapter 6186, Acts of 1911, set out in the statement, confers upon the Railroad Commissioners the power, authority and duty "to regulate the rates and charges and service within this State of all persons, firms or corporations engaged in or carrying on a telephone business within this State;" and makes the terms and provisions of the Railroad Commission statutes refer to the telephone business as far as they are applicable.

The contention here is not that the statute is unconstitutional, but that the order sought to be enforced is not within the statutory authority of the Railroad Commissioners.

It is the duty of the Railroad Commissioners under the power and authority conferred by the statute to regulate the service of telephone companies, to require such companies to furnish all the necessary facilities for the convenient and prompt rendering of the service undertaken, to provide and prescribe all such rules and regulations as may be necessary to secure the furnishing of adequate facilities and the proper rendering of such service, to maintain actions of mandamus in the courts to compel the observance of any valid rule, or regulation of the Commissioners duly made pursuant to the statutes, and to do and perform any act or thing necessary to be done to effectually carry out and enforce the provisions and objects of the provisions of the Railroad Commission law in so far as applicable to a lawful regulation of the service rendered by telephone companies.

In State *ex rel.* Ellis v. Atlantic Coast Line Ry. Co., 51 Fla. 578, 40 South. Rep. 875, it was held that the Railroad Commissioners are authorized to make rates

upon subjects of transportation, not to make rates for particular persons or corporations.

The statute contemplates that in regulating service of a public nature, the Railroad Commissioners shall make administrative rules or orders upon subjects affecting the public and not orders for individual relief, except for a violation of a rule or regulation previously made by the Railroad Commission covering the subject as it affects the public. See State *ex rel.* Railroad Com'rs v. Louisville & N. Ry. Co., 62 Fla. 315, 57 South. Rep. 175; Louisville v. N. R. Co. v. Railroad Com'mrs, 63 Fla. 491, 58 South. Rep. 543; State *ex rel.* Attorney General v. Atlantic Coast Line Ry. Co., 52 Fla. 646, 41 South. Rep. 705, 12 L. R. A. (N. S.) 506.

It does not appear that the Railroad Commissioners had made a rule or regulation that telephone companies doing business in this State shall perform service, similar to that here demanded, to all persons under like conditions without requiring a previous indebtedness to be paid. The order here sought to be enforced is not a comprehensive one upon a subject directly affecting the public generally. This being so, the order in this case is in the nature of a judicial decree or judgment for individual relief based upon general principles of law, and not an administrative order to remedy a violation of an existing rule or regulation.

The notice served by the Railroad Commissioners on the respondent was not for a hearing on a proposition to formulate rules relative to the telephone service, but on an individual complaint of a matter as to which there was no prescribed rule or regulation; the hearing was of an individual complaint and the order made partakes of the nature of a judicial mandate adjudging an individual right. Whatever may be the limits of

the judicial power, that, under the constitution as amend-
ed in 1897, may be conferred upon or exercised by the
Railroad Commissioners, the statutes do not now author-
ize tme to render judicial judgments or decrees or to make
orders in favor of individuals except to remedy a vio-
lation of prescribed regulations, in which latter case
the order is administrative, and by statute is made mere-
ly *prima facie* reasonable and just, and is subject to ju-
dicial review. See State v. Atlantic Coast Line Ry., 56
Fla. 617, 47 South. Rep. 969, 32 L. R. A. (N. S.) 639.
The case of State *ex rel.* Lamar v. Jacksonville Terminal
Co., 41 Fla. 363, 27 South. Rep. 221, is based upon ex-
press particular statutory authority.

As the order in this case is in the nature of a judicial
decree for individual relief in a matter as to which there
was no rule or regulation, the order is not within the
statutory authority of the Railroad Commissioners, and
therefore it cannot be enforced in an action brought by
them as such officers.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCK-
ER, J. J., concur.