J. I. Harrison v. W. M. Murphy, Acting and Assigned Judge of the Criminal Court of Record, in and for Duval County.

181 So. 386.

Division B.

Opinion Filed May 18, 1938.

580

*Edgar W. Waybright* and *Carlton C. Arnow,* for Plaintiff in Error.

*Cary D. ·Landis,* Attorney General, and *Roy Campbell* and *Tyrus A. Norwood,* Assistant Attorneys General, and *L. D. ·Howell* and *Gov Hutchinson,* for Defendant in Error.

BROWN, J.—Plaintiff in Error filed a suggestion for a writ of prohibition in the Circuit Court of Duval County and that Court issued the customary rule to show cause. Defendant in the court below, Judge Murphy, filed a motion to quash said rule and a demurrer to the suggestion. This

is a writ of error to the Circuit Court's final order granting the motion to quash the rule nisi and sustaining the demurrer and dismissing the suggestion for the writ.

Accompanying this order is an able and carefully prepared opinion by Circuit Judge Shields. We find it expedient to set forth that opinion here, as this will afford us the necessary facts and will give us an insight into the reasons for that court's ruling, which we approve:

"In this case the Plaintiff, J. I. Harrison, filed a suggestion seeking a Writ of Prohibition against the defendant, Honorable W. M. Murphy, Acting Judge of the Criminal Court of Record of Duval County, Florida. It appears that the plaintiff Harrison has been convicted in said Criminal Court of Record on an information charging him with tampering with electric meters. Thirty-five additional informations have been set for trial before Judge Murphy and the plaintiff in this proceeding seeks to prohibit and prevent his trial on those informations before juries chosen from a panel selected, procured and impaneled in the manner alleged in the suggestion.

"In the case on which he was convicted the plaintiff challenged the array and moved to quash the jury panel. This motion was denied and the plaintiff was tried by a jury chosen from said panel. A similar challenge and motion to quash have been filed as to the jury panel which it is alleged was summoned for the trial of the plaintiff on the remaining thirty-five informations and was selected, listed, and procured in the same manner as the jury panel which had been challenged in the case on which he was convicted. This motion has not been ruled upon, but it is alleged that said Criminal Court of Record is about to proceed to try said cases before a jury selected from said panel. It was claimed by the suggestion that said jury panels were and are illegal and invalid on two main grounds.

"It is first claimed that the statute under which the jurors composing said panels, and said panels, were selected, listed, procured and drawn is unconstitutional and void. This statute is Chapter 16058, Laws of Florida, Acts of 1933, commonly known as the Jury Commission Law.

. . "In the second place the plaintiff contends that neither said Chapter 16058, nor other laws of Florida, were complied with in certain enumerated particulars in the selection, listing and procurement of the, jurors on the panel which is challenged, and that consequently said panel is illegal and void and that a jury chosen therefrom would be illegal and void.

"On the filing of the suggestion this court issued the customary rule to show cause and the defendant Judge Murphy has filed a motion to quash said rule and a demurrer to the suggestion. The case has been argued and submitted by the attorneys for the respective parties and considered by the Court. .

"The motion to quash the rule and the demurrer to the suggestion both maintain the constitutionality of said Chapter 16058 and deny the sufficiency in law of the suggestion to support the issuance of a writ of prohibition as prayed.

"The constitutionality and validity of the Jury Commission . Law, Chapter 16058, have been unsuccessfully attacked in two recent cases in the Supreme Court of Florida, State, *ex rel.* Landis, Attorney General, v. Harris, (Fla.) 163 So. 237, 120 Fla. 551, and Croissant v. Harris, (Fla.) 163 So. 470, 121 Fla. 141. Following the decisions in those cases this Court holds said Jury Commission Law to be constitutional and valid.

"While the alleged irregularity and noncompliance with law in selecting, listing and procurement of the jurors on said panel may be such as to render it void and illegal, the

determination of that issue is rightfully vested in the Criminal Court of Record where said causes are pending.

"The proper function of a Writ of Prohibition is to restrain an inferior Court from acting in a cause in which it is usurping jurisdiction or has no jurisdiction, or in which it is exceeding its jurisdiction or illegally exercising its jurisdiction in such manner that an injury will result for which no other adequate remedy exists.

"High's extraordinary Legal Remedies (Third Edition) Sections 762 to 767-B, inclusive, pages 705 to 715, inclusive. State, *ex rel.* Rehinauer v. Malone, 40 Fla. 129, 23 So. 575; Crill v. The State Road Department, 96 Fla. 110, 117 So. 795; Crandall Common Law Practice, Sec. 473, page 662.

"In the present instance the Criminal Court of Record of Duval County has jurisdiction of the parties and the subject matter of said cause and is not shown to have exceeded that jurisdiction. For the supposed error which it is alleged that Court is about to commit the plaintiff has an adequate and complete remedy without the intervention of this Court. When a lower court is acting within its jurisdiction a writ of prohibition should not issue to correct alleged errors made in the exercise of that jurisdiction, for such errors may be corrected by writ of error or appeal. It is clear that if every error claimed to have been committed by the Criminal Court of Record of Duval County in the course of the trial of the vast number of cases, which are disposed of by it annually, could be reviewed on writ of prohibition the constitutional jurisdiction of that court would be impaired, if not destroyed, and an intolerable burden not warranted by law would be imposed on superior courts. People v. District Court, 29 Colo. 83, 66 Pac. 1068; *In re* Hatch, 9 Cal. Ap. 333, 99 Pac. 398; Zinn v. District Court for Barnes Co., 17 Nor. Dak. 128, 114 N. W. 475.

"For the above reasons it is the opinion of this court that the Writ of Prohibition prayed for herein should not be granted.

"A formal order granting the motion to quash the rule and sustaining the demurrer has been made in said cause."

The constitutionality of Chapter 16058 is not properly before the Supreme Court on this appeal, but the primary question is whether or not the Circuit Judge erred in granting the motion to quash the rule and in sustaining the demurrer.

The rule seems to be well settled that prohibition will not lie to restrain criminal prosecutions when the usual and ordinary forms of remedy are sufficient to afford redress as by motion, trial, appeal, habeas corpus or otherwise, but, when these forms are entirely inadequate or insufficient, or the lower court is acting without jurisdiction or in excess of jurisdiction, prohibition will lie. Eberhardt v. Barker, 104 Fla. 535, 140 So. 634. See also Sherlock v. Jacksonville, 17 Fla. 93; State, *ex rel.* Rheinauer, v. Malone, 40 Fla. 129, 23 So. 575; State, *ex rel.* Swearingen, v. R. R. Com., 57 Fla. 526, 49 So. 30; White v. State, *ex rel.* Alvarez, 77 Fla. 528, 81 So. 639; State v. Wright, 98 Fla. 461, 124 So. 18; Curtis v. Albritton, 101 Fla. 853, 132 So. 677; State v. Freeland, 103 Fla. 663, 138 So. 27.

Plaintiff in error contends that the trial court was acting without jurisdiction, and, as a further ground for the issuance of the writ of prohibition, that remedy by writ of error was not adequate and sufficient because of the pendency of numerous prosecutions, all of which would raise this question of whether or not the petit jury was validly constituted. The Eberhardt case, *supra,* is inaptly cited as authority for this latter proposition.

In arguing the contention that the lower court is without jurisdiction, plaintiff in error insists that jurisdiction is the

power of a court to hear and determine a cause; that a petit jury is just as much of a part of the court as the judge and that as the jury would lack the power to find a valid verdict in this case because of the alleged irregularities and illegalities in selecting the panel, then the Criminal Court of Record, proceeding as it was, would have no power to hear and determine the cause, or in other words would have no justification of this cause.

It is our opinion that this contention is unsound. The Criminal Court of Record had jurisdiction over the subject matter and over the parties in these actions. The Criminal Court of Record acting upon the motions presented to it had jurisdiction to determine whether or not the jury before which the appellant Harrison was to be tried had been lawfully and properly selected, drawn and empanelled. And as was said by this court in the able opinion, in State, *ex rel.* Rheinauer v. Malone, 40 Fla. 129, at page 133, 23 So. 575, *supra*:

"It matters not whether the court below has decided correctly or erroneously; its jurisdiction of the matter in controversy being conceded, prohibition will not lie to prevent an erroneous exercise of that jurisdiction."

If the ruling on this question should be erroneous, the proper way to have the question reviewed is not by prohibition, but by writ of error.

"It is well established that a writ of prohibition may not ordinarily be used as a process for the review and correction of errors committed by inferior tribunals. Mere error, irregularity, or mistake in the proceedings of a court having jurisdiction does not justify a resort to the extraordinary remedy by prohibition, both because there has been no usurpation or abuse of power, and because there exists other adequate remedies. Whatever power is conferred may be exercised, and, if it be exercised injudiciously or irregularly,

it amounts to an error merely, and not to a usurpation or excess of jurisdiction." 22 R. C. L., p. 23, Section 22, and cases cited therein. Also see Crill v. State Road Dept., 117 So. 795, 96 Fla. 119; Curtis v. Allbritton, *supra;* State, *ex rel.* Caciatore, v. Drumright, 156 So. 721, 116 Fla. 496, 97 A. L. R. 154.

We are of the opinion that the writ should not have been issued merely to prevent multitudihous prosecutions in this particular instance, as the court had jurisdiction of the person and subject matter.

"Where the acts of an inferior court in excess of its jurisdiction involve the submission to multitudinous and oppressive prosecutions prohibition is the proper remedy, since the number of prosecutions renders any other relief inadequate. But the mere fact that the relator may be subject to a multitude of prosecutions does not entitle him to the writ where the court has jurisdiction." See 22 R. C. L. 24, 25, and note in 77 A. L. R. 248. An excellent discussion of the history of this writ and the scope of its use may be found in this note.

The Circuit Judge rightly said: "While the alleged irregularity and noncompliance with law in selecting, listing and procurement of the jurors on said panel may be such as to render it void or illegal, the determination of that issue is rightfully vested in the criminal court of record where said causes are pending."

The lower court has not abused its discretion by denying this writ.

For these reasons, the final order of the Circuit Court, to which this writ of error is addressed, is hereby affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.