THOMAS, Justice.
We are considering an appeal from an order quashing a rule nisi that had been issued prohibiting the appellee, Albert Saperstein, as Assistant Judge of the Municipal Court, from entertaining complaints from Henry Hallman about violations of a certain section of the city code and prohibiting Hallman from making affidavits as bases for prosecutions of the relator for infractions of that law. The rule was enlarged to prevent the Chief of Police and all officers under his control from prosecuting the relator or anyone in his employ for violations of the code. In the original and supplementary writs the persons to whom they were addressed were directed to desist or to show cause why the writs should not be made absolute.
At the outset we should say that all parties agree that the question of the constitutionality of the code is not now presented to this court for decision.
From the petition for the writ of prohibition we find the factual situation which the relator thought would furnish him remedy via prohibition. Hallman, member of the police department, obtained a warrant for the arrest of relator for violating an “anti-noise ordinance.” The relator is the representative of a corporation owning property on which a general j^ntractor is engaged in constructing a hotel. The hours of labor set by the union, the members of which the corporation employs, do not coincide with the hours to which work must be confined under the ordinance. It was charged that unless “restrained and prohibited” the judge would continue to assume jurisdiction of the cases presented by the police and that, consequently, these activities would disrupt progress of the construction and cause financial loss to the contractor. Just how this would affect relator who is an agent of the owner is not clear but to pursue that matter would only obscure the real point involved.
*912 As we view it, the writs were writs of injunction in the guise of writs of prohibition. The judge was not shown either to have acted without jurisdiction or to have acted in excess of his jurisdiction. On the contrary it was his duty to adjudicate cases arising from violations of existing ordinances. If anyone prosecuted for an infraction was aggrieved by the outcome he had abundant opportunity for review of any judgment against him. The effort of the relator to be relieved by prohibition of any responsibility for violations of the act was, in effect, an attempt to use a writ, very narrow in the scope of its operation, to prevent harassment from a multiplicity of prosecutions, regardless of their merits.
Such is not the purpose of the proceeding. A municipal court has as much right to function within its sphere as does the circuit court, and as does this court. Interference by a higher court with the operation of a lower one can be justified only when a tribunal undertakes to reach beyond its sphere. Vv'e see no semblance of such an overextension here.
We unqualifiedly sanction the order quashing the rule.
Affirmed.
ROBERTS, C. J., and DREW, J., concur.
HOBSON, J., concurs specially.