### CHARLES P. B. PINSON, Inc. v. GENERAL TELEPHONE COMPANY OF FLORIDA.

No. 5831-TP.

Railroad & Public Utilities Commission.

January 12, 1960.

Jack Clark, St. Petersburg, for Charles P. B. Pinson, Inc.

Hugh C. Macfarlane, Tampa, for General Telephone Company of Florida.

Chairman JERRY W. CARTER, Commissioners WILBUR C. KING and EDWIN L. MASON participated in the disposition of this cause.

BY THE COMMISSION.

The commission heard oral argument by counsel for the parties on defendant's motion to dismiss the complaint in the commission's hearing room, Whitfield Bldg., Tallahassee, on November 5, 1959.

Complainant Charles P. B. Pinson, Inc. is a subscriber to the telephone service of General Telephone Company of Florida in St. Petersburg and Clearwater in Pinellas County. Defendant General Telephone Company of Florida is engaged in the business of furnishing telephone service to subscribers in a portion of the state, which includes Pinellas County, under a certificate of public convenience and necessity issued by this commission.

This cause is pending before the commission on a motion filed by defendant telephone company to dismiss the complaint.

The complaint charges that the telephone company has discriminated against complainant by charging it the sum of $1,-339.70 in non-recurring charges in connection with the installation of a switchboard at complainant's office; that on or about the time that said charge was levied the defendant had not only supplied the same service free to other offices of complainant but also to competitors of complainant, among them being a similar operation in Tampa operated by a Mr. J. J. Frek-Hayes. The complaint further alleges that defendant company orally agreed to cancel the charge some twenty months prior to filing the complaint but that it was not canceled and on May 21, 1959 defendant cut off complainant's service. Complainant asks that defendant be restrained from discontinuing the service until final determination of the complaint and thereafter permanently.

Considering first the relief sought by complainant, it is here seeking to have defendant company restrained from performing an act that has already been consummated. Even if we should treat the prayer for relief as a request that the telephone service be reinstated, jurisdiction to require same is in the courts rather than this commission, where the service has been discontinued by the telephone company due to alleged tariff violation involving non-payment of a telephone bill. See State, ex rel. Railroad Commissioners v. Southern Telephone & Construction Co., 65 Fla. 270, 61 So. 506.

By its complaint the complainant takes the position that it is entitled to a cancelation of the charge for the switchboard because defendant company has allegedly installed switchboards without charge for other subscribers and also on past occasions for complainant. The rates and charges of a telephone company are governed by its tariff on file with and approved by this commission. Discrimination by a telephone company through violation of its approved tariff would not justify further violation of the tariff. Any such violation should be dealt with in accordance with the provisions of section 364.21, Florida Statutes, which provides for imposition by the commission of a penalty of not more than $5,000 for each such offense.

It is the finding of the commission that the prayer for relief of the complaint should be stricken and that this alleged violation should be investigated further by the commission to determine whether or not such violation has occurred and whether or not a penalty should be assessed therefor pursuant to the foregoing statute.

It is therefore ordered that the prayer for relief of the complaint herein of Charles P. B. Pinson, Inc. against General Telephone Company of Florida is hereby stricken.

It is further ordered that the complainant Charles P. B. Pinson, Inc. file with this commission within 15 days from the date of this order the names of any of its competitors referred to in sub-paragraph (c) of paragraph 3 of its complaint which it alleges have been furnished telephone service by defendant at rates or charges other than as prescribed in defendant's tariff.