**STATE, ex rel. SMITH, et al v. SHACHAT, Judge, Small Claims Court, et al.**

No. 63-L-4504.

Circuit Court, Dade County.

January 3, 1964.

Norman F. Solomon, Miami Beach, for petitioners.

William A. Ingraham, Jr., Miami, for respondent Central Bank & Trust Co.

Darrey A. Davis, County Attorney, for respondent Judge of Small Claims Court.

JOE EATON, Circuit Judge.

An alternative writ of prohibition or rule nisi was issued herein directing the respondents to show cause why the small claims court should not be prohibited from entertaining jurisdiction of an action in replevin involving the possession of personal property of the value of $350 arising out of an instrument alleged to constitute a chattel mortgage. A reply to the writ of prohibition was filed on behalf of the respondent court.

Upon final hearing the court has considered the pleadings and arguments of counsel, and has made an independent research of applicable and controlling authorities. The scope of prohibition is narrow in its operation, and generally is available only to restrain an excess of jurisdiction or to prohibit the exercise of judicial power where none exists. Interference by a higher court with the operation of a lower one can be justified only when a tribunal undertakes to reach beyond its sphere. State ex rel. Pollack v. Saperstein, Fla. 1953, 67 So.2d 911. Prohibition may not lie to prevent or correct the commission of error by an inferior court. Harrison v. Murphy, 132 Fla. 579, 181 So. 386. The question whether the remedy of replevin is available to the plaintiff below under the instrument sued upon and the circumstances surrounding the transaction between the parties constitutes a matter of initial judicial determination within the scope of the statutory jurisdiction vested in the small claims court, subject to review by appeal. An adequate remedy is available to relators.

It is accordingly ordered and adjudged as follows — (1) The relators' prayer for an absolute writ of prohibition is denied. (2) The alternative writ of prohibition heretofore issued by the court is discharged and quashed. (3) The relators' petition for writ of prohibition is dismissed.