**MOR–GRAN–SOU ELECTRIC COOPERA-TIVE, INC., Applicant and Appellant,**

v.

**MONTANA–DAKOTA UTILITIES CO.;**
North Dakota Public Service Commission;
and Ben J. Wolf, Richard A. Elkin, and
Bruce Hagen, as Commissioners of the
North Dakota Public Service Commission,
Respondents.

Civ. No. 8489.

Supreme Court of North Dakota.

Aug. 9, 1968.

Pringle, Herigstad, Meschke, Loder, Ma-honey & Purdy, Minot, for applicant and appellant.

William R. Pearce, of Pearce, Enge-bretson, Anderson & Schmidt, Bismarck,

for respondent Montana-Dakota Utilities Co.

John C. Stewart, Commerce Counsel, Public Service Commission, Bismarck, for respondents North Dakota Public Service Commission and Ben J. Wolf, Richard A. Elkin, and Bruce Hagen, as Commissioners.

STRUTZ, Judge.

Mor-Gran-Sou, an electric cooperative providing electric service in Morton, Grant, and Sioux counties, made application to the district court of Burleigh County for a writ of prohibition against the North Dakota Public Service Commission, which application was denied by the district court. This appeal is from the order dismissing the application for such writ.

Prior to November 27, 1967, the appellant had given notice to the Public Service Commission that it was interested in any application which might be made by or on behalf of Montana-Dakota Utilities Co., a public utility serving in the same area, for a certificate of convenience and necessity to extend electric service to any point in the three counties which the applicant serves and which is outside the corporate limits of any municipality in those counties. On November 27, 1967, Montana-Dakota Utilities Co., hereinafter referred to as "MDU," did make application for a temporary certificate of convenience and necessity to extend electric service to a building being constructed by one Ronald A. Thiel, which building was being erected adjacent to but outside the corporate limits of the city of Mandan in Morton County. The application for such temporary certificate alleged that an emergency existed which required the granting of a temporary certificate, in that Thiel had started construction of his building for which immediate electric service was needed. A temporary certificate was granted by the Public Service Commission on December 5, 1967, without a hearing first having been conducted

and without the giving of any notice to the appellant, the rural electric cooperative operating in Morton County, and Thiel has been furnished electricity by MDU under such temporary certificate.

On or about the 14th of December 1967, following the granting of such temporary certificate, MDU filed its application with the Public Service Commission for a regular certificate of public convenience and necessity to furnish electric service to Thiel at such location. Attached to its application was a written appearance by Thiel, as customer, waiving notice of opportunity for hearing and waiving hearing, and requesting immediate service. On December 19, 1967, the North Dakota Public Service Commission issued its notice of opportunity for hearing in said matter, designating the proceeding as Case No. 7237, and causing such notice of opportunity for hearing to be served upon Mor-Gran-Sou by sending a copy thereof to its attorney by certified mail.

On December 26, 1967, the attorney for Mor-Gran-Sou filed with the Public Service Commission an objection and request for hearing in Case No. 7237, in which the appellant, Mor-Gran-Sou, objected to the application of MDU for certificate of public convenience and necessity and, further, requested a hearing on the issue of whether public convenience and necessity required the extension of service by MDU to the Thiel property located outside the city limits of Mandan.

On January 31, 1968, the Public Service Commission issued notice of prehearing conference, setting February 27, 1968, at 9 a.m., as the time, and the offices of the Public Service Commission in the State Capitol, as the place, for a prehearing conference in said proceeding, Case No. 7237, and advising that a hearing on said application and objections to such application would be held at a date to be determined at such conference.

The hearing before the Public Service commission on MDU's application for cer-

tificate of convenience and necessity in Case No. 7237 has been conducted and concluded. The appellant appeared at such hearing and objected to the granting of the application. However, no decision has been rendered by the Public Service Commission in such matter. On February 14, 1968, prior to such hearing, the appellant brought proceedings in the district court of Burleigh County for writ of prohibition to arrest the furnishing of electric service by MDU to Thiel under the temporary certificate of December 5, 1967. The appellant contends that the Public Service Commission acted without jurisdiction or in excess of its jurisdiction in issuing the temporary certificate permitting MDU to temporarily serve Thiel at such point outside the municipal limits of Mandan. The appellant further prays that MDU be prohibited from continuing to provide electric service to Thiel under the temporary certificate and that the Public Service Commission be prohibited from issuing any certificate of public convenience and necessity for electric service in the three counties, outside of the corporate limits of municipalities, without a hearing called after due notice served upon Mor-Gran-Sou, the appellant herein.

The trial court, after a hearing on such application for writ of prohibition, entered its order denying the application, and the appellant thereupon took this appeal from such order.

The respondents contend that prohibition will not lie in this case because the Public Service Commission did not act without or in excess of its jurisdiction in issuing a temporary certificate and also because the action on the part of the Public Service Commission in issuing such temporary certificate is completed, and that therefore the Public Service Commission is not about to act without or in excess of its jurisdiction. The respondents further assert that before a writ of prohibition will lie it must be alleged and shown that the petitioner is without a plain, speedy, and adequate remedy at law, and

that, in this case, the issuance of the temporary certificate is not a final determination of the rights of parties and that these rights can and will be determined in the hearing for certificate of convenience and necessity which now is pending before the Commission and in which proceedings the petitioner is a party.

The first question for this court to determine is whether prohibition is the proper procedure to test the power of the Public Service Commission to issue a temporary certificate of convenience and necessity without a hearing. The authority of the Commission to issue a certificate of convenience and necessity, after hearing, is not questioned.

■ Under our statutes, a writ of prohibition may issue to arrest or stay proceedings of any inferior court, tribunal or body when such proceedings are without or in excess of jurisdiction (Sec. 32–35–01, N.D.C.C.), and where there is no plain, speedy and adequate remedy in the ordinary court of law (Sec. 32–35–02, N.D.C.C.).

■ The writ is not a writ of right. It is an extraordinary writ, to be issued with caution, in cases of extreme necessity, and is available only when the inferior court, body or tribunal is about to act without or in excess of jurisdiction. Zinn v. District Court, 17 N.D. 128, 114 N.W. 475; Lynch v. District Court, 48 N.D. 431, 185 N.W. 303.

■ It is not an appropriate writ to revoke an order already made, for its proper use is to prohibit the doing of something, not the undoing of something already done. Crittenden v. Municipal Court, San Diego Judicial District, 216 Cal.App.2d 811, 31 Cal.Rptr. 280 (1963); State ex rel. R. C. Motor Lines, Inc. v. Boyd, 114 So.2d 169 (Fla.1959).

■ In this case the temporary certificate has already been issued, and the court is asked to revoke the certificate already

in effect. The question of the validity of this temporary certificate, already issued and in force, clearly cannot be raised by prohibition.

If the petitioner feels that the Commission has exceeded its jurisdiction in issuing the temporary certificate, and that it has no other adequate remedy, it has available the writ of certiorari (Sec. 32–33–01, N.D.C.C.).

For reasons stated in this opinion, the order of the district court denying the petition for writ of prohibition must be affirmed. It is so ordered.

TEIGEN, C. J., and KNUDSON, ERICKSTAD and PAULSON, JJ., concur.