**Arthur L. SMITH and Jacqueline M. Smith, husband and wife, Petitioners,**

v.

**Hon. Gerald H. RUSTAD, Judge of the District Court, Northwest Judicial District; Rhonda Lee Smith; and Terry Allen Smith, Respondents.**

Civ. No. 940249.

Supreme Court of North Dakota.

Nov. 16, 1994.

Kathleen Key Imes, of Imes & Imes, PC, Williston, for petitioners.

Thomas G. Holum, of McIntee & Whisenand, PC, Williston, for respondent Rhonda Lee Smith.

VANDE WALLE, Chief Justice.

This is an application for a writ of prohibition. The writ is denied.

On November 9, 1993, Rhonda Lee Smith sued her husband, Terry Allen Smith, for divorce. An interim order restrained the parties "from disposing of ... any of their

property ... during the pendency of this case, or until further order of the Court, except as may be necessary in the usual and ordinary course and conduct of business." On January 4, 1994, Terry and his parents, Arthur L. Smith and Jacqueline M. Smith, entered into a voluntary cancellation of a contract for deed they had executed in 1989 for Terry's purchase of approximately 1520 acres of farmland from Arthur and Jacqueline.

Rhonda filed a motion to join Arthur and Jacqueline as additional defendants in the divorce action. The trial court granted the motion. Arthur and Jacqueline appealed the trial court's order and filed an alternative application for a writ of prohibition to prevent enforcement of the district court's order joining them as defendants. We previously dismissed the appeal. We now deny the writ of prohibition.

Our power to issue remedial writs is discretionary and is employed to prevent possible injustice. "Our superintending control over inferior courts is used to prevent injustice in extraordinary cases" [*Odden v. O'Keefe*, 450 N.W.2d 707, 708 (N.D.1990)] and is "rare and done only to rectify errors or prevent injustice when no adequate alternative remedies exist" [*City of Fargo v. Dawson*, 466 N.W.2d 584, 585 (N.D.1991)]. A writ of prohibition "is an extraordinary writ, to be issued with caution, in cases of extreme necessity, and is available only when the inferior court, body or tribunal is about to act without or in excess of jurisdiction." *Mor-Gran-Sou Elec. Coop., Inc. v. Montana-Dakota Utils. Co.*, 160 N.W.2d 521, 523 (N.D. 1968).

At this stage of the proceeding below, the record is insufficient to make an informed decision as to whether or not Arthur and Jacqueline should have been joined as defendants in the divorce action. It therefore follows that we will not exercise our superintending control over the district court to prohibit that joinder.

Arthur and Jacqueline Smith have requested attorney fees and costs as damages pursuant to § 32–34–11, N.D.C.C., which is made applicable to writs of prohibition by § 32–35–04, N.D.C.C. Because their request for a writ of prohibition has been denied, Arthur and Jacqueline are not entitled to recover under § 32–34–11, N.D.C.C.

Rhonda Smith has requested costs and fees in connection with the previously dismissed appeal filed by Arthur and Jacqueline and in connection with their application for a writ of prohibition. Those matters are provided for in Rule 39(e), (f), N.D.R.App.P., and need not be addressed here. Rhonda's request for sanctions under Rule 11, N.D.R.Civ.P., is denied.

Writ denied.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.