The Chief Justice
delivered the opinion of the court.
Thomas Sherlock files his suggestion by petition for a writ of prohibition against the respondents, and alleges that in July, 1878, he was “engaged in the regular business and occupation of keeping a keno table in said city;” that in April, 1878, he obtained from the proper State and .county officer^ a‘ license to keep a keno table within and throughout the county of Duval, and paid the amounts therefor required by law, for the period of one year; that he also tendered the amount required by law to the city and demanded a license for said business from the city, which license was refused. In July, 1878, petitioner was arrested by the city marshal and taken before the mayor, upon a warrant issued by him, charged on oath with keeping a disorderly house, to-wit: a place where a certain gambling game, known as keno, was allowed to be played, and was played by divers persons with certain cards and instruments, for the chance of winning or losing money, contrary to the ordinances of said city. That he pleaded not guilty to said charge; that the mayor held him to trial, and tried him on said charge without a jury, and after hearing testimony of witnesses, found petitioner guilty, and sentenced him -to pay a fine of one hundred dollars and costs, and that he remain in custody until-the same should be paid; that petitioner then appealed to the Circuit Court •of Duval county, where said cause is still pending on appeal. He further alleges that it is the intention of the mayor and other officers of the city to prosecute him for such pretended violation of the ordinances of the city, and to subject him to fine, costs and imprisonment, &q. That tlie ordinances of-said city declare that every place where gaming of any kind with cards or the game called keno is allowed to be played for winning money is a disorderly house, and any person convicted of keeping such disorderly house shall be punished by fine not exceeding two hundred and fifty dollars, or by injprrionment. / He then describes the gafne, and says that it is played in an orderly, peaceful and cmiet manner, and his.house is not a disorderly house.
Petitioner therefore prays that a writ of prohibition may be issued prohibiting the ma.yor and the city, and their officers and employees, from taking any'further proceedings in the prosecution of the case, either before the Mayor’s Court or before the Circuit Court, and from collecting any line or enforcing any imprisonment on account of the premises, and also from attempting to molest him in the conducting of-his said business during the term of his license, by any prosecution for such alleged offence. A copy of the record of the Mayor’s Court is annexed to the petition.
Upon a rule to show cáuse, the respondents appeared and filed a demurrer to the matters alleged by the petitioner in his suggestion, on the following grounds:
1. That it does not appear by the suggestion that the mayor, or the city has exceeded its jurisdiction in adopting or attempting to enforce the ordinance.
2. Because no prosecution is pending before the said mayor, nor is the city now proceeding, or about to proceed, in the said cause.
3. Because it does not appear that the mayor or the city is attempting to collect the fine, or otherwise in an unlawful manner to harass the petitioner.
4. Because the petitioner has an appropriate remedy at law by the ordinary forms of proceeding.
5. Because the payment of a license tax to the State does not give him a right to keep and use a keno table, contrary to the law of the State or the ordinances of the city.
6 Because the ordinance of the city, prohibiting the keeping of such disorderly house as is described, is not in conflict with .the law of the State.
The petitioner joins in demurrer.
The first four grounds of demurrer present the question, whether this court has power under the Constitution and laws to grant the writ of prohibition prayed ?
The writ of prohibition is a writ of the common law, originally issuing only ...out of the court of King’s Bench, a prerogative writ, but"‘afterwards was sometimes issued out of the court of Chancery, Common Pleas, or Exchequer, directed to the judge and parties of a suit in an inferior court, commanding them to cease from the prosecution upon a suggestion that the cause'originally, or some collat- • eral matter arising therein, does not belong to that jurisdiction, but to some'other. (3 Bl. Comm., 112.) This is 1 the elementary definition of the office of the writ.
Chief Justice Savage, (in The People vs. Works, 7 Wend., 487,) says: “It is the remedy provided by the common law against the encroachment of jurisdiction, to keep inferior courts and tribunals within the limits and bounds prescribeto them. The reason of prohibitions in general is that they preserve the rights of courts and of individuals.”
The Constitution of this State expressly gives the Supreme Court jurisdiction to issue- this writ. It does not, in terms, attempt to define or direct the purposes for which the writ may be used or applied. The definition and purposes of the writ must be sought for in the archives of the common law, to which it owes its origin. Its purposes, therefore, are to preserve the rights of courts and individuals from the unlawful encroachment of inferior courts upon the jurisdiction of some other court or tribunal, and to keep them within their own spheres.
When, therefore, an inferior court assumes to exercise a power which is beyond its jurisdiction, or to proceed in a •manner not warranted by law, this writ may be resorted to for redress to prohibit the threatened intrusion.
.If the act complained of be already done, it is manifest that this writ cannot undo it, for that would require an affirmative act. (U. S. vs. Hoffman, 4 Wallace, 158.)
It is held, in reference to the power to issue this writ, that it does not issue for the redress of grievances which may be had in the ordinary course of judicial proceedings, by appeal or writ of error.
Nor will the suggestion that there are or may be other suits of the same nature pending against the relator in the same court avail to procure the writ, since the court will not issue a prohibition in a case not pending for the sole purpose of establishing a principle to govern other cases. *31 (High on Ex. Remedies, Sec. 766; U. S. vs. Hoffman, 4 Wallace, 158.)
Mr. Justice Cowen, in ex parte Brandlacht, (2 Hill, N. Y., 367,) says, "the office of prohibition is to prevent courts from going beyond their jurisdiction in the exercise of judicial, not ministerial power. Otherwise we might be called on to send the writ whenever a justice of the peace was about to issue civil or even criminal process irregularly.”
It is a principal of universal application, and one which lies at the very foundation of the law of prohibition, that the jurisdiction is strictly confined to cases where no other remedy exists, and it is always a sufficient reason for withholding the writ that the party -aggrieved has another and complete remedy at law. (High on Ex. Rem., Sec. 770, and authorities cited.) And the writ will not be allowed to take the place of an appeal. In all cases, therefore, where the party has ample remedy by appeal from the order or .judgment of the inferior court, prohibition will not lie, no such pressing necessity appearing in such cases as to warrant the interposition of this extraordinary remedy, and the writ not being one of absolute right, but resting largely in the sound discretion of the court.
Thus, where the defendant in an action instituted in an inferior court pleads to the jurisdiction of the court and his plea is overruled, no sufficient cause is presented for granting a prohibition, since ample remedy may be had by an appeal from the final judgment in the case. (Ib. Sec. 771, and notes.)
It cannot take the place of a writ of error, which pro- - ceeds upon the ground of error in the exercise of a jurisdiction which is conceded.
The jurisdiction of the Mayor’s. Court to hear and determine complaints of infraction of .city ordinances is not questioned, though the validity‘of the ordinance in question is denied, and it is claimed that the Mayor’s Court had -not jurisdiction of the offence charged, upon two grounds ; one of which is, that having a license from the State and county to keep a keno table, and having tendered the license fee -to the city, which it refused, he is not amenable to the charge of keeping a disorderly house by keeping a place where the game of keno is played by persons frequenting the place for the purpose of winning money. The other ground is, that the offence, if it be an offence, is punishable under the, criminal laws of the State by the courts of the State, and not by the municipal courts.
As to the first of these positions, the matters alleged are matters of fact and of law, claimed to grow out of the facts alleged by way of defense; and as to the second, the Mayor’s Court, according to the suggestion, decided in favor of his jurisdiction, and these questions and matters are not now pending before that court, but the whole case is before the Circuit Court, which -is authorized by the Constitution to determine all questions involved in it upon the appeal, and that court has not acted in the matter, nor is the writ prayed as against the jurisdiction of the Circuit Court to act upon it. The jurisdiction of the latter court to entertain the appeal has not been questioned. The presumption is that the .Circuit Court will reverse the judgment of the Mayor’s Court and. remand the cause with directions to dismiss it if no offence is charged, or if the latter had not jurisdiction; or affirm it if it had jurisdiction and the complaint shows an offence against a valid .ordinance, that the testimony if sent up on the appeal sustains the charge, and that the proceedings were had in conformity with the law.
The suggestion filed,. however, goes further, and prays the writ to prohibit the city and its officers and employees from .taking any further proceedings in the case before the Mayor’s Court or the Circuit Court.
The right to prohibit other than judicial tribunals by means of writs of prohibition, is claimed under the 8th ■ section of an act to amend an act regulating the practice in writs of prohibition, approved February 10, 1877, which provides, "that a writ of prohibition shall extend to and apply to all corporate, municipal, quasi-judicial, county, ministerial and,all other boards, or bodies, or offices, or any of them undertaking or professing to exercise any power or franchise under the laws of this State, in all cases where such board, body or officer, or any person by their appointment or authority, may be doing or about to do any unlawful act or thing which may in any wise injuriously affect the interests or rights .of any person or persons applying for said writ.”
The suggestion is that under this section, this court may issue a prohibition to prevent the officers or agents of the city applying to the Mayor’s Court, or the Circuit Court, to obtain a decision or judgment upon the matter referred to.
Although the power of the Legislature thus to enlarge the jurisdiction of this court, and to change so radically the character and office of the writ, was not called in question upon the argument, we are not prepared to admit such power so far at least as this court is concerned. The statute in question so entirely changes the nature of the writ that it is no longer a mere prohibition, but becomes perverted into a writ of injunction, or a quo warranto, or even a substitute for an action of replevin, instead of a proceeding to keep subordinate judicial tribunals within the bounds of prescribed jurisdiction. We cannot regard the section referred to as applicable to proceedings in this court at least.
A prohibition may go against a court or any tribunal properly exercising public, judicial functions and the par'ties engaged in such proceedings, but not against private •parties alone, or against public or private corporations or their officers. It is true that there may be found in the reports two or three cases in which a prohibition has gone to restrain a tax collector from enforcing an illegal tax, but these cases have been promptly and strongly condemned. (See 7 Wend., 486; 1 McMullen, S. C., 410; 1 Hill, N. Y., 195; 17 Miss., 623.)
As the cause is not pending in the Mayor’s Court of the city, there is nothing upon which a prohibition can operate, and there is therefore no occasion to examine any other question.
It is thereupon considered and adjudged by the _ court that the suggestion of the petitioner is not sufficient in law, and a prohibition thereon is refused.
(Mu. Justice Westcott took no part in the hearing or consideration of this case.)