THE STATE OF FLORIDA EX REL. FLORAL CITY PHOSPHATE COMPANY, PLAINTIFF, VS. WILLIAM A. HOCKER, CIRCUIT JUDGE, ET AL., DEFENDANTS.

1. The statutory provisions, that suits shall be begun only in the county where the defendant resides, or where the cause of action accrued; and that suits against two or more defendants residing in different counties may be brought in any county in which any defendant resides; and that suits against domestic corporations shall be commenced only in the county where such corporation shall have or usually keep an office for the transaction of its customary business (Sections 998, 999, 1001 Revised Statutes), are not limitations upon the constitutional jurisdiction or powers of the Circuit Courts, but merely invest defendants with the privilege of being sued in such counties, which privilege they may waive.

2. The writ of prohibition does not lie to test the correctness of a ruling sustaining a demurrer to a plea setting up a mere priv-

ilege to be sued in another county than the one in which the action is pending and to restrain further proceeding by the court in the cause, where the court has jurisdiction of the subject-matter, or power to decide the cause. The question is one arising in the progress of a cause of which the court has jurisdiction, and a writ of error at the proper juncture is the remedy.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion of the court.

*D. D. Venningerholz, Thomas Palmer* and *T. P. Lloyd* for Plaintiff.

*Raymond B. Bullock* for Defendants.

RANEY, C. J.:

This is a case of prohibition. The suggestion shows that the First National Bank of Ocala began an action in the Circuit Court in Marion county, which is in the Fifth Circuit, against the Floral City Phosphate Company, a body corporate under the laws of Florida, and W. M. Brooks and George C. Stevens, on a written instrument for the payment of money made by the Floral City Phosphate Company in favor of the named bank and endorsed by the other defendants; such instrument appearing to have been made and being payable at Ocala, which is in Marion county. The declaration was filed on September 8th, 1893, which was three days after the issue of the summons, which writ was returnable to the then ensuing October rules, and was served on the day of its issue on the Floral City Phoshpate Company and Brooks, and on Stevens on the 16th day of September. The defendants appeared by attorney on the stated rule day. On November 6th

a default for want of a plea was entered against Stevens. On the 7th day of November, a rule day, the Floral City Phosphate Company and Brooks filed "a joint and separate plea" to the effect, that such company at the time of the commencement of the action had, and has but one office for the transaction of its customary business, and that such office was and had ever since its organization been kept at Floral City, in Citrus county, in the State of Florida, and that the company had never had or kept any office for the transaction of business in Marion county. They also filed two other pleas; one to the effect that before and at the commencement of the action the defendant William M. Brooks was, and long prior thereto had been, a citizen and resident of Hernando county, in this State, and had never been a citizen or resident of Marion county, and that neither the plaintiff, nor any one in its behalf, had made or filed with the praecipe in the action an affidavit that the suit was brought in good faith, and with no intention to annoy the defendant, nor had such affidavit been since filed. The remaining plea is, in substance, that the summons was not served on the defendant company in Citrus county, Florida, where it kept its office for the transaction of its customary business, but was served in Marion county, Florida, where it had no officer or agent, resident or otherwise. Each plea ends with a verification and a prayer of judgment against taking cognizance of the action.

To these pleas the bank filed a demurrer, on the 16th of November, the points of which are; That the defendants, by these pleas, admit the jurisdiction of the court over their persons; the matters set up are not proper subjects of a plea; and it is apparent upon the record of the cause that the defendants have entered a

general appearance, thereby waiving all defects in the issuance and service of summons; and the pleas are otherwise insufficient and uncertain.

On the 21st of November the Circuit Judge sustained the demurrer, and defendants interposing the plea excepted, and the defendant Stevens being allowed twenty days to plead.

The purpose in seeking a writ of prohibition is to restrain any further proceeding in the stated action.

The statutory provisions, that suits shall be begun only in the county where the defendant resides, or where the cause of action accrued, or where the property in litigation is, and that suits against two or more defendants residing in different counties may be brought in any county in which any defendant resides, and that suits against domestic corporations shall be commenced only in the county where such corporation shall have or usually keep an office for the transaction of its customary business (secs. 998, 999, 1001, Rev. Stats.), are not limitations upon the constitutional jurisdiction or powers of the Circuit Courts. On the contrary, they were made for the benefit and convenience of parties who may be sued, investing defendants with the privilege of being sued in such counties, which privilege they can waive; and if, on being brought into court, at least by personal service of process, they do not see fit to insist upon an observance of their rights in the premises, they will, notwithstanding the strong language of the statute, be deemed to have waived such privilege. An assertion of the privilege goes simply to an abatement of the action. McDougal vs. Lea. 2 Fla., 532; Russ vs. Mitchell, 11 Fla., 80; Bucki vs. Cone, 25 Fla., 1, 6 South. Rep., 160; also Curtis & Shaw vs. Howard, 33 Fla., 251, decided at the present term, and

holding that a general appearance is not, under our rules of practice, a waiver of the right to plead such privilege. The court not being without jurisdiction of the subject-matter or power to decide the cause, the question of the relators' right to the privilege set up by their pleas, is a question arising in the progress of a cause of which the Circuit Court has jurisdiction; and a writ of error to the final judgment against the parties instituting this proceeding, should there be such a judgment, will be the proper remedy for reviewing *in this court* that court's action on the point now before us, but the writ of prohibition does not lie in such a case. State *ex rel.*, vs. King, 32 Fla., 416, 13 South. Rep., 891; State *ex rel.* vs. Smith, 32 Fla.,476, 14 South. Rep., 43; *Ex parte* Gordon, 104 U. S., 515; *Ex parte* Baltimore & Ohio R. R. Co., 108 U. S., 566. Prohibition lies where the inferior court either has no jurisdiction to entertain the cause, or, while doing so, it goes beyond its legitimate powers. In the former case the writ lies to prohibit it from acting at all, and in the latter, to restrain it to its lawful powers in the premises. 19 Am. & Eng. Ency. of Law, 263-5, 268-9; Sherlock vs. Mayor, 17 Fla., 93.

The demurrer to the suggestion will be sustained, and there will be final judgment in favor of the defendants.