*Ex Parte* CLARENCE DALY.

Opinion Filed November 4, 1913.

SPECIAL TERMS OF CIRCUIT ·COURTS—GOVERNOR'S ORDER
ASSIGNING JUDGE TO HOLD SPECIAL TERM, WHAT
MUST CONTAIN—SECTION 1814 GENERAL
STATUTES OF 1906 CONSTITUTIONAL.

1. The order of the Governor assigning the Judge of one Cir-
cuit to hold a special term of court in a county of another
Circuit than his own need not specify any particular case
there to be tried, but may be worded in general terms assign-
ing said judge to hold said special term in said county at
the particular date therein fixed to try any and all causes
as might be there ready to be tried, and the misnomer of a
party in the Governor's order of assignment upon whom it
was supposed 'a crime had been committed, may be treated
as surplusage without detracting from the effectiveness of
the order of assignment.

2. Section 1814 of the General Statutes of 1906 under which the
Governor acts in assigning the Judge of one Circuit to hold
a special term in another Circuit does not conflict with any
provision of our organic law, but is expressly sanctioned by
the provisions of Section 8 of Article V of our constitution
as amended in 1901.

3. A special term. so called, is distinguished from the regular
or general terms of the Circuit Courts only in the date or
time that it is convened or held; the regular or general terms

being held on specific dates prescribed by law, while the date for holding a special term is not fixed by law.

This is a case of original jurisdiction in *Habeas Corpus*.

Motion for discharge denied.

*J. T. Mitchell* and *G. E. McCaskill,* for Petitioner;

*T. F. West,* Attorney-General, and *C. O. Andrews,* Assistant, for the State.

TAYLOR, J.—Judge James W. Perkins, Judge of the Seventh Judicial Circuit, by virtue of an order made by the Governor convened and held a special term of the Circuit Court in and for the County of Dade in the Eleventh Judicial Circuit because of the continued illness of the Judge presiding over the said Eleventh Judicial Circuit, at which special term the petitioner was tried, convicted and sentenced to death for the crime of rape. The petitioner sued out here in this court a writ of *habeas corpus* alleging that he is unlawfully detained in custody for two reasons, *viz.*: (1) Because Judge Perkins of the Seventh Circuit was without jurisdiction to hold said special term in the Eleventh Judicial Circuit, and then and there try and sentence him upon such charge, because the order of the Governor assigning him to hold such special term specifically stated that such special term was for the purpose of trying petitioner for the crime of rape committed upon one "Mrs. Parker," whereas the indictment upon which he was tried, convicted and sentenced charged him with the crime of rape, not upon "Mrs. Parker," but upon one Mrs. Margaret Berry. (2) Because Section 1814 of the General Statutes of 1906, under which

## ERRATA.

The two lines at top of page 348:

"order of assignment without detracting one iota from its effectiveness or validity."

Should precede the last paragraph on page 347, which begins: "The second of these questions, etc."

the Governor acted in making the order assigning Judge Perkins to hold said special term, is unconstitutional in so far as it provides for the Governor to appoint and assign a Judge of one Judicial Circuit to hold a special term in another Circuit. Upon these two grounds the petitioner moves here to be discharged from custody.

Two questions are presented: First, was the Governor's order assigning Judge Perkins of the Seventh Judicial Circuit to hold said special term in the Eleventh Judicial Circuit void because of the mistake made therein in the name of the party upon whom the rape was committed? Second, is Section 1814, of the General Statutes, under which the Governor acted in making the assignment of Judge Perkins to hold said special term, unconstitutional?

The first of these questions must be answered in the negative. The order of the Governor need not have specified the case to be tried at such special term or any other matter of judicial business to be there and then transacted, but would have been just as effectual if it had been worded in the most general terms assigning said Judge to hold said special term in said county to try "any and all such causes as might be there ready to be tried," without naming any particular cause, so that the mention of the petitioner's cause in the order of assignment and the mention therein of the name of a party upon whom it was supposed by the Governor the crime was committed, may be all treated as so much surplusage in the Governor's

The second of these questions must also be answered in the negative. Section 1814 General Statutes of 1906, under which the Governor acted in making his order of assignment, does not conflict with any provision of our organic law, but is expressly sanctioned by the provisions of Section 8 of Article V of our constitution as amended

order of assignment without detracting one iota from its effectiveness or validity.

in 1901, as follows: "Such judge shall hold at least two terms of his court in each county within his circuit every year, and at such times and places as shall be prescribed by law, *and may hold special terms.* The Governor may, in his discretion, order a temporary exchange of Circuits by the respective judges, or order any judge to hold one or more terms or part or parts of *any term* in any other circuit than that to which he is assigned." Thus we have the express sanction of the organic law for the holding of so-called "special terms," and likewise its express authority to the Governor to order any judge to hold *any* term or part of *any* term, whether a special or general term, in any other circuit than the one to which he is assigned. A special term, so-called, is distinguished from the regular or general terms of the Circuit Courts only in the date or time that it is convened or held; the regular or general terms being held on specific dates prescribed by law, while the date for holding a special term is not fixed by law. The motion of the petitioner for his discharge from custody must, therefore, be, and is hereby, denied, and he is hereby remanded to the custody of the sheriff of Dade County, Florida, to be dealt with according to law.

The cost of this proceeding to be taxed against the petitioner.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.