JOHN C. WHITE, JUDGE OF THE COUNTY COURT OF HILLS-
BOROUGH COUNTY, FLORIDA, AND MANUEL BROCATO BY
HIS NEXT FRIEND GIOSEPPI BROCATO, *Plaintiffs in Er-
ror*, v. STATE OF FLORIDA *ex rel.*, PEDRO ALVAREZ AND
FERNANDO DIAZ, *Defendants in Error*.

Opinion filed April 29, 1919.

1. The writ of prohibition may be used to restrain the exer-
   cise by an inferior court of jurisdiction not given to it by
   law; but when an invalid judgment has been rendered and
   the law affords and adequate remedy against the execution
   of the judgment, the writ of prohibition may not be used.

2. Where the pleadings apparently show a claim in excess of
   the jurisdiction of the inferior court, but no objection is
   made to the pleadings and the proofs are made the findings
   and judgment are within the jurisdiction of the court, and
   the law affords adequate remedies if the judgment is erro-
   neous, the writ of prohibition should not be issued to re-
   strain the enforcement of the judgment.

A Writ of Error to the Circuit for Hillsborough Coun-
ty; F. M. Robles, Judge.

Judgment reversed.

*Andrews & Williams,* for Plaintiffs in Error.

*M· Caraballo,* for Defendants in Error.

WHITFIELD, J.—It appears that in an action of replevin
brought in the County Court for Hillsborough County
the value of the property sought to be recovered is stated
to be $300.00, and damages for detention were claimed in

$500.00  On a plea of not guilty trial was had resulting in a verdict finding the plaintiff to be entitled to the possession of the property, the value thereon being fixed at $300.00, and assessing plaintiff's damages at $200.00 Judgment was taken under the statute, for the value of the property and the damages aggregating $500.00. A motion to vacate the judgment on grounds not affecting the jurisdiction of the court, was denied. The defendants applied to the Circuit Court for a writ of prohibition setting up the facts above stated and alleging that the County Court "by and under process issued therefrom is now attempting to enforce payment of said judgment," prayed for a rule commanding the plaintiffs in the action to desist from further proceedings therein, and commanding the Judge of the County Court to quash and dismiss the proceedings. A rule was issued commanding the respondents "to absolutely desist from enforcing or proceeding to enforce that certain judgment in said cause rendered, by execution or otherwise," or show cause, &c.

By answer the respondents in effect denied the exercise of jurisdiction in the cause by the County Court in excess of that conferred by law. A writ was issued by the Circuit Judge addressed to the respondents stating that the court "being willing that the laws of our said State should be observed, do prohibit and firmly enjoin you that you do not hold pleas touching or in any manner concerning the premises before you, nor attempt nor presume to attempt anything therein, and that you do absolutely desist and refrain from any further proceedings in the premises, and if you have pronounced judgment against the said defendant or any other person in said cause by reason of the premises, then we command you that without delay you revoke or cause it to be revoked, and the

said Pedro Alvarez and Fernando Diaz and other parties defendant in said suit you do wholly absolve and release·" A writ of error was taken to this writ.

The constitution provides that the county courts "shall have jurisdiction of all cases at law in which the demand of value of the property involved shall not exceed five hundred dollars."

The writ of prohibition may be used to restrain the exercise by an inferior court of jurisdiction not given to it by law, but when an invalid judgment has been rendered and the law affords an adequate remedy against the execution of the judgment, the writ of prohibition may not be used.  See Sherlock v. City of Jacksonville, 17 Fla. 93; 22 R. C. L. 9,*et seq.;* Jones v. Montague, 194 U. S. 147, 24 Sup· Ct. Rep. 611.   In this case if the value of the property involved as alleged plus the damages claimed for the detention thereof, constitute the demand made by the plaintiff, and the amount of such demand is in excess of the jurisdiction of the Court, the defendant had then a right to a writ of prohibition.   But no objection to the pleadings was made and it does not appear that the proofs attempted to be made by the plaintiff showed the value of the property *and* the damages for its detention exceeded $500.00, the court's maximum jurisdictional amount, and the verdict and judgment are for amounts within the jurisdiction of the court.   Besides this the judgment has been rendered and if its enforcement be illegal, the law affords an adequate remedy in the statutory proceeding by affidavit of illegality when an execution is issued on the judgment.   If the judgment is erroneous a remedy by appellate proceedings was available.   The use and the form of the writ in this case is not authorized by law.

Judgment reversed.

All concur.