*Ex parte*, SEABOARD REALTY COMPANY, PETER F. LEB-KUECHER AND BASSETT W. MITCHELL, *Petitioners*, v. SEA-BOARD ALL-FLORIDA RAILWAY, A CORPORATION, AND EL-WYN THOMAS, JUDGE OF TWENTY-FIRST JUDICIAL CIR-CUIT, *Respondents*.

January Term, 1926.

Opinion Filed April 22, 1926.

Petition for rehearing denied May 14, 1926.

*George M. Beltzhoover*, for Petitioners.

No appearance for respondents.

BROWN, C. J.—This is an application for a writ of prohibition prohibiting the Seaboard All-Florida Railway and Honorable Elwyn Thomas, Judge of the Twenty-first Judicial Circuit, State of Florida, from proceeding further in certain condemnation proceedings brought by said railway corporation against petitioners and from taking any action to enter a judgment on the verdict of the jury rendered therein.

It appears that on March 1, 1926, the said railway corporation filed its petition against the above named parties seeking to condemn, for the purpose of a right-of-way, a certain parcel of real estate in Palm Beach County, and that upon the filing of said petition writs of *scire facias*

were issued to the sheriff of said county and duly served by him upon the said defendants, petitioners here, commanding them to be and appear in the Circuit Court of Palm Beach County on the 2nd day of April, 1926; that on the said 2nd day of April, petitioners filed their answer to said petition, and on the 5th day of April, 1926, issue was joined and a trial was had before a jury, said Elwyn Thomas, Judge of the Twenty-first Judicial Circuit of the State of Florida, who had been appointed and designated by the governor, presiding; that on the 7th day of April, the trial was concluded and the jury brought in its verdict awarding the defendants $7584.00 as compensation, and the jury was discharged; and the defendants filed a motion in arrest of judgment and for new trial, which said motions are still pending before the said judge. It does not appear that any objection was made, or exception taken, to going to trial at the time mentioned, nor to the validity of the *venire*, nor to the authority or power of said Judge Thomas to try said cause. These questions are raised for the first time in the application for writ of prohibition.

It appears that Judge C. E. Chillingworth, the resident judge, made an order on March 30th calling a special term of said court to be held in and for said county, beginning on April 5, 1926, and issued *venires*, for a grand jury and petit jury; that said resident judge convened said court on April 5th and on motion of the state's attorney quashed the regular and special *venires* and ordered a special *venire* of thirty-six men from which the grand jury of eighteen was drawn, the grand jury charged, and Judge Chillingworth then turned the court room over to Judge Thomas, who entered upon the trial of the said condemnation proceedings. The jury panel being exhausted before the selection of a jury was completed, the court, acting through Judge Thomas, ordered a special *venire* from which the

jury was completed and the cause was tried with the result above stated.

Judge Thomas was acting under an executive order duly recorded in the minutes of the court, and which executive order, under date of April 3, 1926, recited as follows: ''Whereas it has been officially made known to me that Honorable C. E. Chillingworth, Judge of the Fifteenth Judicial Circuit of Florida, is unable to and cannot properly hear, try and determine certain causes brought by the Seaboard Air Line Railway Company for the condemnation of right-of-way pending in the honorable Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County, Florida, on the 5th day of April, A. D. 1926; now, therefore, I, John W. Martin, acting under and by virtue of the authority vested in me as governor of the State of Florida, do hereby designate, assign and appoint Honorable Elwyn Thomas, Judge of the Twenty-first Judicial Circuit of Florida, to proceed to West Palm Beach, in the County of Palm Beach, State of Florida, and thereupon, on the 5th day of April, A. D. 1926, and as long thereafter as is necessary to try and determine said causes, and as such judge to conduct the trial of the causes aforesaid, and he, the said Elwyn Thomas, under and by virtue of the authority hereof, and of the statutes in such cases made and provided, is hereby vested with all and singular the power and prerogatives of the Judge of the Fifteenth Judicial Circuit of Florida, in and for the County of Palm Beach, Florida, for the purpose of presiding as Circuit Judge at the trial and to make orders in the causes aforesaid.''

The grounds of the application for writ of prohibition are as follows:

1. That the Judge of the Circuit Court of Palm Beach County was not in fact absent from the circuit but was holding a special term of the circuit court of said county

in the court house in West Palm Beach, Florida, where Judge Thomas was also holding court under the governor's order, the courts being held in adjoining rooms at the same time.

This allegation is not borne out by the record attached to the application, but even if it were a correct allegation of facts, it would not affect the legality of the actions of either of said judges, under sections 3057 to 3061, inclusive, of the Rev. Gen. Stats., as construed by this court in the case of State, *ex rel.* Claar, v. Branning, 85 Fla. 61, 95 So. 237.

2. That the Judge of the Circuit Court of Palm Beach County was not in fact disqualified to sit in said causes nor was there any valid reason or cause why said judge could not properly hear, try and determine the same.

This is not sufficient to impeach the validity of the executive order designating Judge Thomas. Section 3057 of the Rev. Gen. Stats. provides that whenever it appears to the governor of this state that any judge of a circuit court is disqualified in any cause pending in said court, or for any cause cannot properly hear, try, and determine the same, the governor may appoint and assign any other of the judges of the circuit courts to hold regular or special terms of the court in such circuit at such times as the governor may direct, and section 3060 of the Rev. Gen. Stats. provides that such judge so assigned shall for the particular case or cases or class of cases, or during the term or part of term named or specified in the assignment, have complete jurisdiction when in the county to which he is assigned as if he were a resident circuit judge, etc. The recital in the governor's order that it had been officially made known to him that Judge Chillingworth was unable to and could not properly hear, try and determine certain causes pending in the Circuit Court for Palm Beach County, Florida, reciting as it does one of the grounds provided by the statutes for

the appointment and assignment by the governor of a judge from another circuit, as provided for and with the powers vested under sections 3057 and 3060 of the Rev. Gen. Stats. sufficiently complies with the requirements of the statute to sustain the validity of such executive order.

3. That there was no order entered by the judge of the Circuit Court of Palm Beach County on the minutes of said court certifying his alleged disqualification to sit in petitioners' cause, nor any order entered on such minutes showing any cause for the appointment by the governor of a special judge to hear the cause of petitioners.

There is no statute requiring the entry of such an order by the judge before the governor shall have authority to act as above set forth. The language of the statute is that "whenever it shall appear to the governor of this state" that any of the conditions specified in section 3057 exist, he shall have authority to make the appointment and assignment provided for in said section. And it appears here that the executive order was duly entered of record in the minutes of said Circuit Court of Palm Beach County. See Realty Company v. Fraleigh-Smith Inv. Company, 107 So. 174.

4. That the *venire* for the jury that tried the cause was illegally issued by Judge Chillingworth, as only Judge Thomas had authority under the statute.

Neither is this objection well taken. The mere fact that the resident judge may have issued the orders for the regular or special *venires* necessary for the conduct of the business at a special term of the court, a part of which some other circuit judge has been assigned by the governor to hold, even though such a resident judge may have been disqualified for some reason from trying one or more of the causes to be tried at such special term, did not amount to a trial of the cause by him, nor invalidate any panel of jurors afterward selected from among the names contained

in such *venire* or *venires*. There is a distinction between trying or presiding over the trial of a cause, or presiding over a special term of a court, or a part thereof, and the mere calling of such special term and ordering the *venires* required by the statute in advance of the holding of such term, thus providing the machinery for the conduct of the business of such term. It would be an unreasonable requirement to hold that when a judge is specially assigned to hold a special term of the court in some other circuit, or to try some particular cause or class of causes therein, that he should be compelled to go into that county a sufficient length of time in advance for the issuance of the necessary *venires* for that term. The individual *venire*-men, or bystanders for that matter, who are selected either by drawing from the jury box or by the sheriff, under the statute, are by no means the personal selection of the judge, and the mere issuance of the venire by a judge who may prove to be disqualified to try some particular cause or causes set for trial at such term, does not affect the validity of any panel of jurymen subsequently selected for the trial of any such cause or causes. Nor does it appear that any objection whatever was made on this ground during the progress of the cause. In any event, it affords no ground for a writ of prohibition.

5. It is further contended in the application that inasmuch as the governor's order recited that Judge Chillingworth was unable to and could not properly hear, try and determine certain causes brought by the "Seaboard Air Line Railway Company" for the condemnation of right-of-way pending in said court, and the cause actually tried was a condemnation suit brought by the Seaboard All-Florida Railway, that this invalidated every action taken in said cause by Judge Thomas.

The majority of the court are of the opinion that this point is not well taken, for the following reasons: Section

8 of Article 5 of the Constitution provides that the governor may at his discretion order any judge to hold one or more terms or part or parts of any term in any other circuit than that to which he is assigned, and that the scope of this provision is not, nor could be, narrowed or limited by sections 3057-3061 of the Rev. Gen. Stats. above referred to. That the purport and effect of the governor's order, above quoted from, was to order and authorize Judge Thomas to hold a part of a term of the Circuit Court in Palm Beach County beginning April 5, 1926, and that the recital in the executive order of the reasons for such appointment, and the description therein of the causes which Judge Thomas was to conduct the trial of, were not essential to the validity of the order and should be treated as surplusage so far as the above question of the authority of Judge Thomas to conduct the trial of this particular case in concerned. That the words, ''brought by the Seaboard Air Line Railway Company,'' might be lifted out of this executive order, and leave it sufficiently definite and completely valid under the section of the constitution, as well as the statutes, above referred to. The majority of the court are of the opinion that the above conclusions are fully sustained under the principle announced by this court, speaking through MR. JUSTICE TAYLOR, in *Ex parte* Daly, 66 Fla. 345, 63 So. 834, which is as follows: ''The order of the governor might not have specified the case to be tried at such special term or any other matter of judicial business to be there and then transacted, but would have been just as effectual if it had been worded in the most general terms, assigning said judge to hold said special term in said county to try any and all such causes as might there be ready to be tried, without naming any particular causes, so that the mention of the petitioner's cause in the order of assignment and the mention therein of the name of a party upon whom it was supposed by the governor the crime was committed,

may be treated as so much surplusage in the governor's order of assignment without detracting one iota from its effectiveness or validity."

MR. JUSTICE STRUM and the writer hold to the view that while the executive order should properly be construed as an order to Judge Thomas to hold a part of a term of the Circuit Court in Palm Beach County, commencing on April 5, that the part of term which the assigned judge was authorized to hold must be determined by the language of the executive order designating the causes which he was to conduct the trial of, commencing on the named date; thus rendering the language of the order in that connection not mere surplusage but essential to the interpretation or construction of such order, and hence jurisdictional in its operation and effect. That such being the case, the words, "brought by the Seaboard Air Line Railway Company," following the words "certain causes," cannot be considered as surplusage, and that Judge Thomas therefore had no authority to try the cause here involved for the condemnation of right-of-way brought by the "Seaboard All-Florida Railway," and that the petitioners here are therefore entitled to the writ of prohibition prayed for. Where the want, or excess, of jurisdiction is apparent upon the face of the proceedings, and the court has made some order in the exercise of such unauthorized jurisdiction, as is the case here, prohibition will lie, even though no plea to the jurisdiction has been tendered in the court below. State v. White, 40 Fla. 297, 320; 24 So. 160; State v. Whitney, 66 Fla. 24, 63 So. 299.

6. The next objection is that the process issued against petitioners in said cause was illegal in that it was issued March 1st, returnable April 2nd, whereas it should have been made returnable on the second rule day thereafter, as the issuance of the *scire facias* is so provided for in the statute governing condemnation proceedings. See section

3279, Rev. Gen. Stats. as amended by Chapter 10112, Laws of 1925. This defect, if any, in the process was waived by the apperance of the defendants and their going to trial without making any objection whatever to such defect. It is an elementary rule that defects in process or service thereof, by which jurisdiction of the person of the defendant is obtained, by personal service of the same, may be waived, and such defects are ordinarily waived and cured by the appearance of the defendant, or his pleading to the merits, or by going to trial without first making appropriate objection thereto. However, this is a matter which affords no ground for a writ of prohibition, which is not designed to perform the functions of an appeal or writ of error. See also Sherlock v. Jacksonville, 17 Fla. 93, and State v. Hocker, 33 Fla. 283.

The petition for writ of prohibition is therefore denied.

WHITFIELD AND TERRELL, STRUM AND BUFORD, J. J., concur.

ELLIS, J., concurs in the conclusion.

WHITFIELD, J.—If the executive order assigning the Judge of the Twenty-first Judicial Circuit to try and determine certain causes for the condemnation of right-of-way pending in the Fifteenth Judicial Circuit be defective in designating the corporation which "brought" the causes (see Ex parte Daly, 66 Fla. 345, 63 South. Rep. 834), the authority of the assigned judge under the executive assignment was not challenged until it was done by petition for a writ of prohibition after verdict rendered; and as the relator has an adequate remedy by writ of error to a final judgment in the condemnation proceedings, the discretionary writ of prohibition should not be awarded. Sherlock v. City of Jacksonville, 17 Fla. 93, text 97; White v. State ex rel., 77 Fla. 528, 81 South. Rep. 639.