This is a proceeding in prohibition, a case of original jurisdiction.
It appears from the verified suggestion and certified *Page 855 
transcript thereto attached that petitioners are residents of New York, and as plaintiffs they commenced a common-law action in the Circuit Court of Sarasota County against Ringling Trust and Savings Bank for recovery from defendant bank of certain moneys claimed to be due. Defendant bank appeared in the common-law action and filed pleas therein, and upon such action being brought to issue, filed its bill of interpleader upon the chancery side of the court wherein the common law action was pending and against petitioners and another, alleging among other things that the debt or sum sued for by plaintiffs in the common-law action was claimed by plaintiffs and the other named defendant; that complainant was a mere stakeholder and ignorant of the rights of claimants. The bank in interpleader proceedings offered to pay the amount sued for in the common-law action into the registry of the court. The bill prayed that the common-law action be stayed; that complainant bank be discharged and claimants ordered to interplead.
The court below set a date for hearing of the interpleader proceeding, notice whereof was given to the attorney of record for plaintiffs in the common-law action and after hearing had, decree was entered by the court below reciting:
 "And the attorney of record in said law action * * * having been given due notice * * * and * * * having only appeared amicus curiae, and the same having been argued by counsel and duly considered by the court."
It was thereupon decreed that the common-law action be enjoined; That complainant pay the moneys offered into the registry of the court and that defendants do interplead.
Upon making above decree, petitioners filed suggestion *Page 856 
in this Court praying for writ of prohibition directed to the Honorable Paul C. Albritton, as judge, prohibiting him from proceeding further in the interpleader proceeding. Rule was issued directing respondent judge to show cause why the writ of prohibition should not issue as prayed. Respondent has moved to quash the rule and demurred to the petition.
The writ of prohibition is that process by which a superior court prevents an inferior court from exceeding its jurisdiction or usurping a jurisdiction with which it has not been vested by law. Crill v. State Road Dept., 96 Fla. 110,117 So. 795; Spelling on Injunctions and other Extraordinary Remedies, (2nd Ed.) Section 1723. Its office is limited to that of restraining inferior courts from acting without authority of law, or from exceeding their powers, and even then only when damage is likely to follow such action. Crandall's Fla. Common-law Practice, 662; 16 Ency. Pl. Pr. 1133; Spelling on Injunctions and other Extraordinary Remedies (2d Ed.) Sec. 1725.
The remedy by interpleader is an equitable one and is based upon the theory that conflicting claimants should litigate their claims among themselves without involving the stakeholder in their dispute. Its office is to protect one against conflicting claims and double vexation in regard to one liability. Jax. Ice Cold Storage Co. v. South Fla. Farms Co.,91 Fla. 593, 109 So. 212, 48 A. L. R. 957.
The power to stay proceedings at law for the purpose of exercising equitable control over the parties and proceedings, to the end that justice may be promoted, seems to be inherent in courts of general jurisdiction (20 Ency. Pl. Pr. 1252; 4 Barbour's Chancery Practice 124) and a court of equity in interpleader proceedings may enjoin an action at law in order to draw the entire litigation into *Page 857 
one principal action. High on Injunctions, Sec. 53; Connor v. Elliott, 59 Fla. 227, 52 So. 729. A court having jurisdiction over the granting of injunctions will not be restrained by prohibition from proceeding with a cause in which it has granted an injunction, upon the ground that it had no jurisdiction in the particular case, when the defendants enjoined have a complete remedy by appeal. High on Extraordinary Legal Remedies, Sec. 771. It is said there is an important distinction between a want of jurisdiction as to the subject-matter of the suit and the want of jurisdiction as to the locality of parties to the suit, (Shortt, Informations, Mandamus and Prohibition, 439) but the general rule is that where the court has jurisdiction of the subject-matter, it must decide the sufficiency of the process and service by which it acquires jurisdiction of the person and error in this must be reviewed by writ of error or appeal. Crandall's Fla. Common-law Practice, 663.
Jurisdiction of the subject-matter means the power of the court to adjudicate the class of cases to which the particular case belongs. Crill v. State Road Dept., supra.
Like all other extraordinary remedies, prohibition is to be resorted to only when the ordinary remedies are inadequate to give redress, (Crandall's Fla. Common-law Practice, 662) and the writ will not issue in every case of irregularity in the proceeding. Spelling, Injunctions and other Extraordinary Remedies (2d Ed.) Sec. 1724. Where in an ordinary action in an inferior court of record, it is alleged the court has not jurisdiction over the person, the proper remedy is to get the decision of the court upon that question and review such decision upon an appeal from the judgment. Spelling, Injunctions and other Extraordinary Legal Remedies, (2d Ed.) Sec. 1724; Crandall's Fla. Common-law Practice, 662. *Page 858 
In Mines D'or de Quartz Mountain Societe Anonyme v. Superior Court, 91 Cal. 101, 27 P. 532, the petitioners for a writ of prohibition were nonresidents of the State of California and an action against them was pending in the Superior Court of Fresno County, in which that court made an order directing that summons therein be served upon petitioners by publication. Thereafter petitioners appeared specially in the action and moved to vacate and set aside that order upon the alleged ground that the action was in personam and therefore not one in which summons by publication was authorized. The motion was denied and upon petition to the Supreme Court of California for writ of prohibition to restrain the lower court from proceeding further in said action, the Supreme Court of California said: "We do not deem it either necessary or proper to determine at this time whether the action now pending against petitioners in the lower court is one in which summons can be legally served by publication. That court has jurisdiction of the subject matter of the action and whether it has jurisdiction over the persons of petitioners is a question which it must determine for itself before entering judgment in the action and which it has the same authority to pass upon as any other question of law or fact which may arise during its progress and if in the decision, error shall be committed to the prejudice of petitioners, the law affords them a plain, speedy and adequate remedy by appeal from any judgment which may be entered against them.
In State v. Hocker, 33 Fla. 283, 14 So. 586, in an action for recovery of money, a plea of privilege was filed by defendants, to which plea a demurrer was interposed and upon the demurrer being sustained, writ of prohibition was applied for in this Court. In denying the writ, this *Page 859 
Court said: "The question of the relators' right to the privilege set up in their pleas, is a question arising in the progress of a cause, of which the circuit court has jurisdiction, and a writ of error to the final judgment against the parties instituting the proceeding, should there be such judgment, will be the proper remedy for reviewing, in this court, that court's action on the point now before us."
In State v. Malone, 40 Fla. 129, 23 So. 575, it appears suit was instituted in an action of covenant against Rheinauer in Leon County, Florida, and summons was served in Marion County. Rheinauer entered a special appearance for the purpose of moving to quash and set aside the service, contending that the statute authorizing service outside of the limits of the district where suit was brought was unconstitutional and void, which contention was overruled by the court below. Petition was filed in this Court for writ of prohibition to be directed to the Honorable John W. Malone, Judge, to prevent him from further proceeding in the cause below. In denying the writ, this Court said:
 "The decision of the court was within the sphere of its jurisdiction over the matter. If it be conceded that the decision was wrong, which is not intimated, it would afford no ground for the issuance of a writ of prohibition, as the remedy to correct such an erroneous ruling is plain and adequate by writ of error after final judgment, should one be rendered against petitioner."
In Seaboard Realty Co. v. Seaboard All-Florida Ry., 91 Fla. 670, 108 So. 675, in speaking of an alleged defect in process, it was said: "This is a matter which affords no ground for a writ of prohibition, which is not designed to perform the functions of an appeal or writ of error." *Page 860 
In the case of State v. Parks, 94 Fla. 91, 95, 113 So. 702, where it was apparent from the face of the record that aside from the question of jurisdiction over the persons of respondents the court was also without jurisdiction of the subject-matter, writ of prohibition was issued.
In State v. Call, 41 Fla. 450, 26 So. 1016, 79 Am. St. Rep. 189, it is shown that respondent in a chancery cause pending before him, upon a motion duly presented and argued by the parties interested, made an interlocutory decree whereby service of process by publication upon a nonresident was quashed and held void; and that thereupon, by petition for a writ of mandamus to require the court below to set aside and annul its order quashing the attempted service upon the defendant, it was sought to have this Court decide as to whether the court below had acquired jurisdiction over the person of the defendant. A motion was made to quash the alternative writ upon various grounds and this Court, in sustaining the motion to quash and denying the peremptory writ, said:
 "We consider it unnecessary to pass upon any ground of the motion other than that under which it is argued that relators have an adequate remedy by appeal for the relief sought in this proceeding. The proceeding by mandamus can only be resorted to where there is no other adequate remedy to accomplish the purpose sought thereby. * * * And where a remedy by appeal or writ of error exists, and such remedy is competent to afford full and ample relief, mandamus will not lie."
This court in deciding State v. Call, supra, further said:
 First. (Quoting from High on Extraordinary Legal Remedies) " 'The interference in such cases would, if tolerated, speedily absorb the entire time of appellate tribunals in revising and superintending the proceedings *Page 861 
of inferior courts, and the embarrassments and delays of litigation would soon become insupportable, were the jurisdiction by mandamus sustained in cases properly falling within the appellate powers of the higher courts.' "
 Second. "Where the judge makes a ruling upon a question presented by proper pleadings in a pending cause, from which an appeal lies, it is manifestly more appropriate to pursue the remedy by appeal where the party benefited by the ruling will be legally entitled to be heard in support thereof, than to adjudicate the question in a proceeding to which he is not a party."
 and
 Third. "To implead the judge personally in proceedings to annul decisions made by him in the line of his official duty, thereby subjecting him to the inconvenience, expense and annoyance of defending suits instituted against him in other courts in which he has no personal interest, and which, if the principle were relaxed, might in many instances require him to devote to personal litigation of this character much of the time demanded by his official duties, is an evil not to be encouraged where the law has provided other adequate remedies to test the correctness of such rulings, without subjecting the judge and the public to the inconveniences suggested."
The writ of prohibition is the counterpart of mandamus in the manner in which it operates, being negative while mandamus is positive in its commands. Spelling on Injunctions and other Extraordinary Legal Remedies (2d Ed.) Sec. 1718.
The Circuit Courts of this State are superior courts of general jurisdiction and nothing is intended to be out of the jurisdiction of a superior court, except that which specially appears so to be. Chapman v. Reddick, 41 Fla. 120, *Page 862 
25 So. 673. Every court of general jurisdiction has power to hear and determine the question of its own jurisdiction, as to parties, and necessarily does so by proceeding in the cause. 15 C. J. 851. To assume that a court has proceeded to hear a controversy before determining that it has jurisdiction over the parties to the controversy would involve the presumption that the Court had failed to do its duty and such a presumption is never indulged. Western Lumber etc. Co. v. Merchants Amusement Co., 13 Cal.App. 4, 8, 108 P. 891.
In Markham v. Huff, 72 Ga. 874, the plaintiff brought a proceeding at law against the defendant in the superior court of the county of the residence of the latter, which was a county other than that where the plaintiff lived, and the superior court, in which the proceeding was brought, as a court of equity, assumed jurisdiction to hear and determine all the matters between the parties in the case, and it was said:
 "When a person goes out of the county of his residence, and seeks relief at law against another in the county of the latter's residence, in such case, when it may become necessary, according to the principles of equity, to adjust the matters in controversy between the parties to said action at law, at the instance of the defendant, the superior court having jurisdiction of said action at law, may, as a court of equity, entertain a bill, and may decree and grant full and complete relief to the parties before it, and has jurisdiction to grant relief against the plaintiff in the action at law, although he may not reside in the county where such bill is filed, his conduct in appealing to said court is equivalent to consenting to the jurisdiction of the same, as to all matters growing out of said action at law."
And in James v. Sams, 90 Ga. 404, 17 S.E. 962, where *Page 863 
a firm of bankers who were being sued by creditors of a former holder of a certificate of deposit issued by the bankers, were subsequently sued by the then holder of the certificate, it was held that the superior court of the county in which both suits were pending had jurisdiction to enjoin the plaintiff in the latter suit founded on the certificate, notwithstanding he was a nonresident of that county, and a resident of another county of the state, and that that court had jurisdiction, also, to order said plaintiff to be made a party defendant to the first suit, at the instance of the bankers, and there litigate his right to the fund, as against all parties plaintiff to that suit. See also Conner v. Elliott, supra, as to the right to enjoin action at law in order to draw the entire litigation into one principal action.
In Re Underfeed Stoker Co., 1 Ont., L. 42, it was held that where claimants had brought the debtor into the jurisdiction and the property was within the jurisdiction, the court has jurisdiction to make an interpleader order, although claimants are outside the jurisdiction.
It appears that the court in the interpleader proceeding set forth in the petition in this cause, must have considered the question of jurisdiction over the persons of petitioners herein, in rendering its decree therein, the correctness of which ruling we are not now called upon to decide, and that the petitioners had an adequate remedy by appeal for the relief here sought. Under Section 4961 (3169) Compiled General Laws of Florida, 1927, appeal will lie from an interlocutory decree. See also State v. Call, supra.
The demurrer to the suggestion for the writ of prohibition is sustained and the rule to show cause herein is discharged and peremptory writ denied. *Page 864