61 So.2d 366 (1952)
LARGAY ENTERPRISES INC. et al.
v.
BERMAN et al.
Supreme Court of Florida, Special Division B.
October 17, 1952.
Rehearing Denied November 24, 1952.
*367 Fowler, White, Gillen, Yancey & Humkey, Cody Fowler and Ralph A. Marsicano, Tampa, for appellants.
MacFarlane, Ferguson, Allison & Kelly, John M. Allison and Charles F. Clark, Tampa, for appellees.
ROBERTS, Justice.
This is an appeal from a judgment entered in proceedings instituted in the court below by plaintiff-appellees against the defendant-appellants to recover the purchase price of certain corporate stock. It was alleged that such stock had been sold by the plaintiffs to the defendants and delivered by the plaintiffs to an escrow agent appointed by the defendants and authorized by them to accept delivery of the stock; that the defendants confirmed the purchase of the stock in writing and delivered to the escrow agent the check of one of the defendants, Largay Enterprises Incorporated, for said purchase price; that payment was subsequently stopped on the check; and that the defendants are jointly and severally liable for the payment of the purchase price of the stock as "joint adventurers."
No service was ever perfected against the defendants George H. Largay, Sr., and John A. Largay, and hence they were abandoned as parties defendant. Service was made on George H. Largay, Jr., as an individual, and he was also served with summons in an effort to perfect service against Largay Enterprises Incorporated, a foreign corporation, and hereinafter referred to as the "corporate defendant." The summons with which we are here concerned, being the latest in point of time, was dated January 10, 1950, and was returned by the Sheriff as having been served on the corporate defendant on January 13, 1950, by delivering a copy thereof to George H. Largay, Jr., "as a Director of said Corp., in the absence of the President, Vice President, and other heads, and in the absence of the Cashier, Secretary, Treasurer and the General Manager * * *."
Pleas to the merits were filed by George H. Largay, Jr., his principal defense being that he was not a party to the transaction. The corporate defendant filed a special appearance on the February 1950 Rule Day, and attacked the sufficiency of the service of the January 10th, 1950, summons *368 by motion to quash and by plea in abatement, both dated February 4, 1950. The cause came on for trial in November of 1951 and was tried before a jury on the merits as to both defendants, and on the corporate defendant's jurisdictional plea in abatement. No pleas to the merits were ever filed by the corporate defendant. A verdict in favor of the plaintiffs was returned by the jury, motions for new trial denied, and judgment in the amount of $47,550 with interest in the amount of $7,084.95, was entered against George Largay, Jr., and the corporate defendant. Both George Largay Jr. and the corporate defendant have appealed from such judgment.
As to the defendant George H. Largay, Jr., the principal issue here is whether the evidence was sufficient to show that he participated in the transaction respecting the purchase and sale of the stock as a "joint adventurer." The conflicts and inconsistencies in the evidence were resolved against his contentions by the jury, and their verdict was sustained by the trial judge in his denial of the motion for new trial. We have carefully reviewed the evidence on this question  which it would serve no useful purpose to relate here  and are of the opinion that it supports the verdict. No harmful error having been found as to the defendant George H. Largay, Jr., the judgment is affirmed as to this defendant.
As to the corporate defendant, an entirely different picture is presented. As heretofore noted, the corporate defendant filed no pleas to the merits; contending from the inception of the suit that the plaintiffs had failed to effect service against it and that the court was thus without jurisdiction to try the cause against it. From and after the date of the service of the January 10th, 1950, summons upon George H. Largay, Jr., the proceedings in the trial as to the corporate defendant are shown by the record to be as follows: On January 19th, 1950, the Sheriff filed his return showing service of summons on the corporate defendant in the manner hereinabove noted; that is, by delivering a copy thereof to George H. Largay, Jr., "as a Director" and in the absence of the named officers. On February 4th, 1950, the corporate defendant filed its special appearance in the cause for the sole purpose of testing the jurisdiction of the court "upon the ground that proper service of process has not been had on it." Upon this same date, the corporate defendant also filed a motion to quash the service of summons upon it and a plea in abatement to the jurisdiction of the court, as above noted. As grounds for its plea in abatement, it alleged: "That process was not served upon the President, or Vice-President or other head of said corporation, nor on the cashier, treasurer, secretary or general manager, nor upon any director of such company nor upon any officer or business agent, resident in the State of Florida, nor upon any agent transacting business for it in the State of Florida. That said process was attempted to be served upon one George H. Largay, Jr., who at the time of said attempted service was not and is not now any officer, director, or agent of said corporation upon whom process could be served to bind said corporation."
On September 22, 1950, an order was entered in the cause by the trial judge, reciting that the cause came on to be heard "upon the Motion to Dismiss this suit filed by the defendant, George H. Largay, Jr., and upon the Motion to Quash Service of Summons filed by the defendant, Largay Enterprises Incorporated," and denying both motions. As to the motion to quash service of summons, the trial judge stated in the order that this motion was denied for the reason that the Court was of the opinion "that the proper method of raising the question as to whether the person upon whom service was attempted to be had was a proper person upon whom process could be served to bind said corporate defendant, must be raised by plea in abatement." This order also stated that "The said defendants are hereby allowed twenty (20) days from the date of this order within which to plead to the declaration."
Pleas to the merits were then filed by George H. Largay, Jr., but, as heretofore noted, not by the corporate defendant. No default judgment was sought by the plaintiffs *369 against the corporate defendant for failure to plead to the merits as required by the September 22nd, 1950, order. The record is silent as to any efforts on the part of the corporate defendant to bring to the attention of the trial judge the fact that a plea in abatement had actually been filed by it on February 4, 1950, and had not been disposed of, nor does the record show that this defendant sought a trial on the issues made by its plea in abatement in advance of the jury trial. The case was set for trial before the jury on November 29, 1951. On this date, a pre-trial conference was held by the trial judge, the outcome of which is described in an order of the trial judge dated November 30, 1951, as follows:
"The above captioned case, coming on for trial before me on the 29th day of November, 1951, and it appearing that argument on the question as to the scope of the issues to be tried as to the defendant, Largay Enterprises Incorporated, would be helpful to the Court a conference in the nature of a pre-trial conference was held before the Court prior to the empaneling of the jury. Argument of counsel for both parties was heard. It was the position of counsel for the defendant, Largay Enterprises Incorporated, that the latter was not required to file its pleas to the merits of the case under the order of Court dated September 22, 1950, or under the rules of practice and that its plea to the jurisdiction must be first disposed of by jury trial and pleas to the merits later filed and tried at a later time, if the plea to the jurisdiction of the court did not prevail. Counsel for plaintiff took the position that the pleas to the merits by the defendant, if any were to have been filed, should have been filed at the same time as the plea to the jurisdiction in accordance with the Court's order of September 22, 1950. Thereupon counsel for plaintiffs offered to stipulate to have the court permit the defendant, Largay Enterprises Incorporated, to immediately file any pleas to the merits of the case which it might care to file, which offer counsel for the defendant, Largay Enterprises Incorporated, respectfully declined on the grounds that said defendant had filed a plea that the court had no jurisdiction over said defendant because of defective service of process and was entitled to have a determination of that question, and that such determination could not be made if a plea to the merits should be filed because the defective service would then be cured.
"After thorough consideration of the said order and Section 52.10, F.S.A., it was the opinion of the Court that the defendant, Largay Enterprises Incorporated, should have filed its pleas to the merits of the case within twenty days from the date of the aforesaid order, the court being of the opinion that the filing of pleas to the merits by the defendant, Largay Enterprises Incorporated, would not waive its plea to the jurisdiction of the court on account of defective service and would not cure the said defective service.
"It was thereupon Orally Ordered and Adjudged that the said cause proceed to trial."
The cause then went to trial and was submitted to the jury on the merits as to both defendants, and on the jurisdictional issues raised by the corporate defendant's plea in abatement. The result of the trial has been heretofore noted.
The corporate defendant here contends that the trial judge erred in holding that a plea to the merits would not waive a plea to the jurisdiction of the court, under the provisions of Section 52.10, Florida Statutes, F.S.A., and in requiring it to go to trial on the merits without first disposing of the jurisdictional question. (It should be noted that the trial of this cause was governed by the statutes and rules as they existed prior to the adoption of the new Florida Common Law Rules, 30 F.S.A.)
It may be conceded that a plea to the merits would have cured the defective service and submitted the corporate defendant to the jurisdiction of the court, *370 Sternberg v. Sternberg, 139 Fla. 219, 190 So. 486; Seaboard Realty Co. v. Seaboard All-Florida Ry., 91 Fla. 670, 108 So. 675, and that the lower court erred in taking a contrary view. It is also clear that the corporate defendant would have been entitled to a separate trial on the questions of fact presented by its plea in abatement in advance of a trial on the merits, if it had exercised due diligence in this respect. But we do not think the corporate defendant is now in a position to complain that the trial on the jurisdictional issue was had at the same time as the trial on the merits against George H. Largay, Jr. The record shows no effort on the part of the corporate defendant to correct the erroneous order of September 22, 1950, above referred to, nor does there appear to have been any motion, notice or other effort to secure a separate trial of the jurisdictional question presented by its plea in abatement. For all that the record shows, the corporate defendant waited until the very day the case was set for trial before the jury to urge this matter. Upon the issues submitted by the trial court, the jury's verdict was, in effect, a finding that the corporate defendant had been validly served with process, and such defendant must be held to be bound by such verdict if the evidence on this question was sufficient to sustain it.
In this connection, the corporate defendant contends that under the provisions of Section 50.03, Florida Statutes, F.S.A., the plaintiffs must be held to have conceded that George H. Largay, Jr., "was not an agent or any officer, director or other person upon whom service could be made to bind appellant" by filing praecipe for pluries summons and having issued a pluries summons for the corporate defendant on January 10, 1950, after the corporate defendant had specially appeared and moved to quash the service of the summons first attempted to be served on it on those grounds. This contention cannot be sustained.
Section 50.03, Florida Statutes, F.S.A., provides as follows: "In event the plaintiff in any such cause shall file a praecipe for and have issued alias or pluries process in such cause, following such special appearance, then the grounds of such special appearance shall be held to have been conceded by the plaintiff and no further proceedings under said special appearance shall be had." The clear intent of this statute is that, before a plaintiff can secure the issuance of a pluries summons, he must abandon all claims to jurisdiction under the prior summonses, and is deemed to have admitted that he failed to acquire jurisdiction under such prior efforts. This admission is only binding on the plaintiff as to such former summonses, and it was not the intent of the statute that a comparable factual situation arising out of the service of the pluries summons is likewise deemed to have been admitted as a defect. Stated differently, the only purpose of the statute is to make functus officio all prior summonses, and proceedings thereunder, in the interest of orderly procedure.
The question then becomes: Was there a valid service of process on the corporate defendant under the pluries summons dated January 10, 1950? As heretofore noted, the sheriff's return on his service of this summons recited that service was made upon George H. Largay, Jr., as a director of the corporate defendant "in the absence of the President, Vice President and other heads, and in the absence of the Cashier, Secretary, Treasurer and the General Manager." Our statute, Section 47.17, Florida Statutes, F.S.A., providing for the service of process on private corporations, establishes five classifications of persons upon whom service may be made to effect service on the corporation. Since the decision of this court in Drew Lumber Co. v. Walter, 45 Fla. 252, 34 So. 244, 245, it is established in this jurisdiction that "a return showing service upon an inferior officer or agent of a corporation, in order to bind the corporation, must show the absence of all officers of a superior class designated in the statute as those upon whom service shall be had, before resort is had to service upon one of an inferior class. The absence of all members of a superior class is a condition precedent *371 to the validity of service upon a member of an inferior class." Drew Lumber Co. v. Walter, supra.
Under this rule, the service on George H. Largay, Jr., "as a director," would not have been good if there had, in fact, been other members of a superior class upon whom service could have been made. But we do not think that the rule operates conversely. It must be remembered that it is the service of the writ, and not the sheriff's return, which gives the court jurisdiction over the defendant. State ex rel. Briggs v. Barns, 121 Fla. 857, 164 So. 539. Even though the evidence showed that George H. Largay, Jr., was not an officer or director of the corporate defendant at the time service was had upon him, it does show that he was an "agent transacting business for it in this state", which is the fifth classification designated by Section 47.17, supra. It also shows that there were not in the jurisdiction at that time any members of the first four classifications designated in Section 47.17. The service of the pluries summons dated January 10, 1950, was then, a valid service of process on the corporate defendant, as a matter of fact, and the return of the sheriff could have been amended to speak the truth.
Although the record indicates an attempted trial against the corporate defendant on the merits, there were no pleas to the merits filed by this defendant and, as to this defendant, the only issue before the court was the question of jurisdiction raised by this defendant's plea in abatement. It is now entitled to an opportunity to plead to the merits and to have a trial on such legal defenses, if any, as it is able to develop.
For the reasons stated, that part of the judgment which purports to adjudicate the merits of the case adversely to the corporate defendant must be reversed.
As to the defendant George H. Largay, Jr., the judgment appealed from should be and it is hereby affirmed.
As to the corporate defendant, the judgment is reversed and the cause remanded, with directions to permit such defendant to file such pleadings as it may desire within such reasonable time as the court may determine.
Affirmed in part and reversed in part.
SEBRING, C.J., and MATHEWS, J., and GORDON, Associate Justice, concur.